■ NW LIQUIDATING CORP., Formerly Known as CELEBRITY LIMOUSINE SERVICE CORP., Appellant, v HELMSLEY-SPEAR, INC., et al., Respondents. [670 NYS2d 488] —Order, Supreme Court, New York County (David Saxe, J.), entered on or about November 18, 1996, which granted defendants' motion for summary judgment dismissing plaintiff's complaint, unanimously reversed, on the law, with costs, the motion denied and the matter remanded for further proceedings.

Plaintiff-appellant's action for an account stated is based upon its claim that defendants failed to pay or object to an invoice in the amount of $358,000 for limousine services rendered, which was forwarded to defendants on or about August 15, 1986. The original invoice or a copy was not offered in opposition to the motion for summary judgment. Instead, plaintiff relied upon secondary evidence, to wit, a re-created statement of account derived from a ledger prepared by plaintiff's principals. The corporation had destroyed carbon copies of the original invoice prior to the commencement of the action.

The best evidence rule requires the production of an original writing where its contents are in dispute and prohibits the introduction of secondary evidence unless the proponent of the

substitute can sufficiently explain the unavailability of the original and has not procured its loss or destruction in bad faith (*Schozer v William Penn Life Ins. Co.*, 84 NY2d 639, 643; Fisch, New York Evidence § 81, at 49 [2d ed]). Here, the motion court erroneously concluded, as a matter of law, that plaintiff's secondary evidence was inadmissible hearsay. The court improperly relied upon the mere discarding of the carbon copies without any finding as to whether the loss or destruction was the result of bad faith. Furthermore, the plaintiff should have been allowed the opportunity to authenticate the validity of the ledger.

Under the circumstances herein, an evidentiary hearing, wherein testimony is heard and credibility assessed, would have been a more prudent course in determining admissibility of the secondary evidence and the ledger. We remand the matter for further proceedings on this as well as all other issues. Concur—Lerner, P. J., Milonas, Rosenberger, Nardelli and Williams, JJ.