*923 OPINION OF THE COURT
Lucy Billings, J.
Petitioner Allstate Insurance Company petitions for a permanent stay of the arbitration demanded by respondent Ganesh seeking insurance coverage for injuries he sustained February 11, 2003, when an uninsured motor vehicle struck the vehicle he was driving in Bronx County. (CPLR 7503 [c].) Allstate claims respondent State Farm Insurance Company insured the offending vehicle when the collision occurred. State Farm contends it validly disclaimed coverage under State Farm’s policy issued to the offending vehicle owner, respondent Balbin. The court (Silver, J.) ordered a hearing on whether State Farm’s policy issued to Balbin covered Ganesh’s claim, or State Farm’s disclaimer was valid. Based on the evidence adduced, for the reasons explained below, the court finds that State Farm did not validly disclaim coverage of the collision under State Farm’s policy issued to respondent Balbin.
I. The Policy Requirements
State Farm contends its disclaimer is valid because respondents Balbin, the owner of State Farm’s insured vehicle and the policyholder, and Lopez-Brand, whom Balbin permitted to operate his vehicle, “violated State Farm’s policy conditions, exclusions, and/or provisions.” (Exhibit C at 2.) The grounds for this alleged violation is that the collision resulting in the claimed loss was “not an accident” (id.); it “was an intentionally caused loss.” (Transcript of proceedings, Mar. 21, 2005, at 4.)
The source of any condition that the loss not be intentionally caused or exclusion if the loss was intentional is, of course, the applicable insurance policy. Although Allstate agrees that State Farm insured Balbin’s vehicle February 11, 2003, and respondent Ganesh did not challenge that fact, the parties did not stipulate to any policy provisions. Because no party introduced State Farm’s policy in evidence, State Farm never proved, most fundamentally, that the policy issued to Balbin excluded intentionally caused losses or losses involving particular conduct or imposed any conditions on anyone relating to a claimed loss.
Without the insurance contract itself, any recitation of the contract’s terms through testimony or other documents in evidence is rank hearsay and contrary to the best evidence rule. (People v Joseph, 86 NY2d 565, 570 [1995]; Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643 [1994]; NW Liquidating Corp. v Helmsley-Spear, Inc., 248 AD2d 304, 305 [1st Dept 1998]; Schiffren v Kramer, 225 AD2d 757, 758 [2d *924 Dept 1996].) The absence of State Farm’s insurance policy thus prevents any finding that a disclaimer under that policy is valid as a very threshold matter.
Putting aside this fatal deficiency, since all parties overlooked it, and assuming, as they did, that the policy State Farm issued to Balbin in fact excluded intentionally caused collisions or imposed conditions on persons whose liability would be covered, State Farm failed in any event to prove the grounds for a disclaimer. The evidence nowhere revealed that the collision resulting in the claimed loss was intentionally caused. To the extent State Farm further claims that any other person involved in the collision, in particular passenger Braulio Urena, also intentionally caused the collision or engaged in fraudulent conduct, his conduct in this respect, depending on the policy’s undisclosed language, may be relevant only insofar as he seeks coverage under the policy. Otherwise, even assuming it excluded collisions intentionally caused or involving fraudulent conduct, it might be limited to persons who have an obligation under the policy.
II. Intentional Collision or Fraudulent Claim
If State Farm lawfully disclaimed liability coverage because the collision was intentional or connected to fraudulent conduct and thus excluded from coverage (State Farm Mut. Auto. Ins. Co. v Laguerre, 305 AD2d 490, 491 [2d Dept 2003]; Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751, 752 [2d Dept 2002]), the same intentional or fraudulent conduct also would void uninsured motorist benefits for respondent Ganesh under his own policy with Allstate, even though he may be an innocent victim. (Matter of Allstate Ins. Co. v Massre, 14 AD3d 610, 611 [2d Dept 2005]; Matter of Government Empls. Ins. Co. v Shaulskaya, 302 AD2d 522, 523 [2d Dept 2003]; Matter of Progressive Northwestern Ins. Co. v Van Dina, 282 AD2d 680 [2d Dept 2001]; Matter of Progressive County Mut. Ins. Co. [McNeil], 4 Misc 3d 1022[A], 2004 NY Slip Op 50998[U], *3 [Sup Ct, Nassau County 2004].) To sustain a claim of lack of coverage, State Farm bears the burden to prove the fact or evidentiary foundation for a belief that the collision was not an insured incident. (Mount Sinai Hosp. v Trihoro Coach, 263 AD2d 11, 19-20 [2d Dept 1999].)
None of the evidence of the collision’s circumstances offered by State Farm or admitted without objection was on personal knowledge. (Id. at 20.) Although admitted, the evidence’s hearsay nature undermines its reliability. (Matter of Purcell v *925 American SIP Corp., 248 AD2d 844, 845 [3d Dept 1998]; see Herstand & Co. v Gallery: Gertrude Stein, 211 AD2d 77, 83 [1st Dept 1995]; Matter of Jeannette LL. v Johnson, 2 AD3d 1261, 1263-1264 [3d Dept 2003]; County of Nassau v Eagle Chase Assoc., 144 Misc 2d 641, 647 [Sup Ct, Nassau County 1989].) Even accepting State Farm investigator Timothy Commins’s hearsay description admitted without objection, however, the collision’s circumstances do not raise a founded belief of fraudulent conduct or an intentionally staged event. (See CPLR 3016 [b]; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d at 19-20.) It involved two vehicles 10 and 14 years old. One was owned by Balbin, who had claimed a loss two months previously, and carried Urena, a nonparty, who had claimed three previous losses at unspecified times.
Not even the barest detail of how the collision occurred was offered through admissible evidence. Nor did any evidence indicate, for example, that State Farm had issued Balbin’s policy just shortly before the collision or that the insured failed to make premium payments or cancelled the policy afterward. (Matter of Progressive County Mut. Ins. Co. [McNeil], 4 Misc 3d 1022[A], 2004 NY Slip Op 50998[U], *2; Matter of National Grange Mut. Ins. Co. v Vitebskaya, 1 Misc 3d 774, 776 [Sup Ct, Kings County 2003].) Although State Farm did introduce evidence of one other loss claimed by the insured vehicle owner, the insurer offered no details of that collision either: whether it was intentional, involved fraudulent conduct, or occurred with striking similarity to the collision on February 11, 2003, for example. (Matter of Progressive County Mut. Ins. Co. [McNeil], 4 Misc 3d 1022[A], 2004 NY Slip Op 50998[U], *2; National Grange Mut. Ins. Co. v Vitebskaya, 1 Misc 3d at 777.) As indicated, even the evidence of previous losses claimed by the nonparty passenger Urena failed to reveal when they occurred, whether at all proximate in time to February 11, 2003, or whether they involved any of the same parties or vehicles as the February 2003 collision or occurred similarly. (State Farm Mut. Auto. Ins. Co. v Laguerre, 305 AD2d at 491; Matter of Progressive County Mut. Ins. Co. [McNeil], 4 Misc 3d 1022[A], 2004 NY Slip Op 50998[U], *2; National Grange Mut. Ins. Co. v Vitebskaya, 1 Misc 3d at 777.) The evidence adduced revealed no previous claims by the driver Lopez-Brand.
State Farm principally based its conclusion of an intentional, staged event on the conflicting accounts by Lopez-Brand and *926 Urena of events surrounding the collision: what the persons involved did before and after, where they were going when it occurred, and what their plans were. This evidence might have been probative of whether the collision was fabricated and never actually occurred, but no party disputes that the collision did occur or even its physical dynamics. As presented, this evidence was at least as probative of an event that had not been planned, with careful scripting of the account to be given of the surrounding scenario, as of a staged event. Although State Farm maintains that conflicting accounts of the participants’ activities beforehand showed they were hiding the fact that they were planning the collision, State Farm provided no plausible explanation for the conflicting accounts of the participants’ activities afterward. Nor did State Farm offer any evidence that conflicting accounts occur more often when a collision is staged than when it is not.
Thus, State Farm has advanced little more than vague, conclusory theories or speculation regarding deliberate conduct or fraud. (Mount Sinai Hosp. v Triboro Coach, 263 AD2d at 20-21.) The court may not reasonably infer from such evidence that the collision was likely an intentional staged event.
III. Conclusion
Having neglected to show, most fundamentally, that State Farm’s policy issued to the offending vehicle owner excluded intentional or fraudulent losses, respondent State Farm has failed to sustain its disclaimer of coverage based on intentional or fraudulent conduct. Even if the court were to assume such a policy provision, however, State Farm’s principal evidence of intentional or fraudulent conduct, collision participants’ inconsistent versions of events, is insufficiently probative of such conduct where the parties do not dispute the collision’s occurrence.
Upon State Farm’s failure to sustain the disclaimer on these grounds, the court grants petitioner Allstate’s petition for a permanent stay of arbitration of respondent Ganesh’s uninsured motorist claim. (CPLR 7503 [c].) Because State Farm’s disclaimer of coverage is invalid, the offending vehicle owner and driver are insured, and Ganesh may claim under that insurance.