■ MAKHAN DHILLON et al., Respondents-Appellants, v BRYANT ASSOCIATES et al., Appellants-Respondents. MAKHAN DHILLON et al., Respondents, v BRYANT ASSOCIATES et al., Appellants. [809 NYS2d 25]—

Judgment, Supreme Court, Bronx County (Norma Ruiz, J.), entered May 17, 2004, which, after a jury trial on damages only, awarded plaintiff Makhan Dhillon $500,000 for past pain and suffering, and $300,000 for future pain and suffering over a 33½-year period, and awarded plaintiff Kulwinder Kaur Binder $350,000 for past and future loss of services, unanimously reversed, on the facts, without costs, the awards for past and future pain and suffering and loss of services vacated, and a new trial directed on such damages, unless plaintiffs, within 20 days of service of a copy of this order with notice of entry, stipulate to reduce those awards to $250,000 and $200,000 for Mr. Dhillon's past and future pain and suffering, and to $50,000 for Mrs. Binder's loss of consortium, and to entry of an amended judgment in accordance therewith. Appeal from order, same court and Justice, entered June 28, 2004, which denied without prejudice defendants' post-trial motion to set aside the verdict and for an order directing a new trial, unanimously dismissed, without costs.

Plaintiffs' counsel's summation, 16 pages in length, devoted three sentences to defendant's cross-examination of his client with regard to his ethnicity. This comment was not directed at anyone specifically, and did not inject an issue of ethnic stereotyping or racial prejudice into the trial.

Counsel did not comment on the burden of proof during summation. Rather, he mentioned that plaintiffs had presented evidence of Dhillon's injury and that defendants had not. Counsel had the right to make fair comment on the medical evidence in this case, or lack thereof (see Cerasuoli v Brevetti, 166 AD2d 403 [1990]; Braun v Ahmed, 127 AD2d 418, 421-422 [1987]).

Dhillon's Jacobi Hospital records, produced pursuant to a so-ordered subpoena duces tecum, were properly admitted into evidence by the trial court following a chain-of-custody hearing that determined the integrity of the evidence was intact, in accordance with CPLR 2306 (b). Since the appropriate certification was attached to the hospital records in accordance with CPLR 4518, the trial court properly admitted the subpoenaed hospital records into evidence.

The trial court properly refused to admit plaintiffs' 1996 and 1997 income tax returns into evidence because copies of those returns did not satisfy the best evidence rule. The contents and accuracy of the tax returns were in dispute and plaintiffs failed to explain sufficiently why the original returns were unavailable (*cf. NW Liquidating Corp. v Helmsley-Spear, Inc.*, 248 AD2d 304 [1998]).

Plaintiffs fail to establish that the jury's damage award to Dhillon should be increased because it was inadequate as a matter of law, or deviated materially from awards for comparable injuries (*see* CPLR 5501 [c]; *Morsette v "The Final Call"* 309 AD2d 249, 255-256 [2003]). On the contrary, the awards for pain and suffering and for loss of services were clearly excessive, deviated materially from what would be reasonable compensation, and should be reduced to the extent indicated (*see Benain v New York City Tr. Auth.*, 277 AD2d 267 [2000]). Concur—Saxe, J.P., Williams, Catterson and Malone, JJ.