■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v JACQUES LAGUERRE et al., Defendants, and PETER A. GOZZI, Respondent. [759 NYS2d 531] —In an action for a judgment declaring, inter alia, that the plaintiff is not obligated to provide liability coverage to the defendant Jacques Laguerre for a motor vehicle collision which occurred on February 11, 1999, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), dated May 23, 2002, as denied that branch of its motion which was, in effect, for summary judgment on so much of the complaint as seeks a declaration that it is not obligated to provide, among other things, liability coverage to the defendant Jacques Laguerre for the motor vehicle collision which occurred on February 11, 1999, and granted that branch of the cross motion of the defendant Peter A. Gozzi which was to declare that the plaintiff is obligated to defend and indemnify Jacques Laguerre in an action entitled Gozzi v Jones, Index No. 111255/01, now pending in the Civil Court, New York County.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, that branch of the plaintiff's motion which was, in effect, for summary judgment on so much of the complaint as seeks a declaration that it is not obligated to provide, among other things, liability coverage to the defendant Jacques Laguerre for the motor vehicle collision which occurred on February 11, 1999, is granted, that branch of the cross motion of the defendant Peter A. Gozzi which was to declare that the plaintiff is obligated to defend and indemnify Jacques Laguerre in an action entitled *Gozzi v Jones,* Index No. 111255/01, now pending in the Civil Court, New York County, is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment so declaring.

Within weeks after the plaintiff issued insurance policies for vehicles registered to the defendant Jacques Laguerre, the vehicles were involved in three collisions. The defendant Peter A. Gozzi was the driver of a vehicle which was struck by a Laguerre vehicle on February 11, 1999. He commenced a personal injury action against Laguerre and the driver of Laguerre's vehicle. Based on its investigation, the plaintiff concluded that the collisions were not accidents, but were intentionally caused to fraudulently obtain insurance benefits. The plaintiff then commenced this action seeking a declaration, inter alia, that it was not obligated to provide liability coverage for any of the collisions. The Supreme Court granted the plaintiff summary judgment with respect to two of the collisions, but denied relief with respect to the February 11, 1999, collision, concluding that there were triable issues of fact. Although it found the existence of triable issues of fact, the Supreme Court nevertheless granted that branch of Gozzi's cross motion which was for a declaration that the plaintiff was obligated to defend and indemnify Laguerre in the underlying personal injury action.

A deliberate collision caused in furtherance of an insurance fraud scheme is not a covered accident (*see Matter of Metro Med. Diagnostics v Eagle Ins. Co.,* 293 AD2d 751 [2002]). The plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that the February 11, 1999, collision was one of three collisions deliberately caused to fraudulently obtain insurance benefits. In opposition to the motion, Gozzi failed to raise a triable issue of fact as to whether the collision was intentional. Contrary to Gozzi's contention, the plaintiff was not required by Insurance Law § 3420 (d) to issue a disclaimer because its denial of coverage was based on a lack of coverage for the incident in the first instance, not an exclusion under the policy (*see Central Gen. Hosp. v Chubb*

*Group of Ins. Cos.,* 90 NY2d 195, 200 [1997]; *Zappone v Home Ins. Co.,* 55 NY2d 131 [1982]; *Matter of Metro Med. Diagnostics v Eagle Ins. Co., supra* at 752). Ritter, J.P., Altman, Krausman and Crane, JJ., concur.