*9 OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that plaintiffs’ motion for summary judgment is granted to the extent of awarding it partial summary judgment in the sum of $10,635.26, and matter remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees, and for all further proceedings on the remaining portion of the claim in accordance with the decision therein; as so modified, affirmed without costs.
Plaintiffs commenced this action to recover $10,805.26 in assigned first-party no-fault benefits, plus interest and attorney’s fees, pursuant to Insurance Law § 5101 for medical services rendered to their assignor for injuries she sustained in a motor vehicle accident. Thereafter, plaintiffs moved for summary judgment. Defendant opposed the motion which was denied by order of the court below entered September 26, 2002.
A review of the record indicates that with the exception of one of two $170 claims filed on behalf of Daniel Kim’s Acupuncture EC., plaintiffs established their entitlement to summary judgment for the recovery of no-fault benefits prima facie by proof that they submitted to defendant the completed claim form (Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., 2003 NY Slip Op 51700[U] [decided herewith]; Sehgal v Royal Ins. Co. of Am., NYLJ, Apr. 15, 1999, at 31, col 4 [App Term, 9th & 10th Jud Dists]; accord S & M Supply v GEICO Ins., 2003 NY Slip Op 51192[U] [App Term, 2d & 11th Jud Dists]; Choicenet Chiropractic v Allstate Ins. Co., 2003 NY Slip Op 50672[U] [App Term, 2d & 11th Jud Dists]; see Dermatossian v New York City Tr. Auth., 67 NY2d 219, 225 [1986]). The burden then shifted to defendant to demonstrate a triable issue whether plaintiffs are entitled to all or any portion of the benefits sought (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
While we agree that the preclusion rule does not apply to a defense based on a claim that the incident was not an accident but a deliberate event staged in furtherance of a scheme to defraud the insurer (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 201 [1997]; Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751, 752 [2002]), defendant’s sole proof of the matter, in the form of an affidavit of its investigator, failed to raise a triable issue of fraud. Here, the report, which was unsworn, alleged, essentially, only that the “uncoop *10 erative” insured (but not the assignor) had been involved in prior accidents alleged to be “suspicious,” and as to the assignor, recommended merely that the payment of benefits be deferred pending further investigation. Such unsubstantiated hypotheses and suppositions are insufficient to raise a triable issue of the assignor’s fraud, and partial summary judgment should have been granted as to the properly proven claims (see Penny v Pembrook Mgt., 280 AD2d 590, 591 [2001]). However, the court properly denied summary judgment as to one claim for $170, proof of which was omitted from the motion papers.
We note, finally, that while plaintiff concededly failed to respond to defendant’s several requests for verification in the form of an examination of the assignor under oath, not only did defendant fail to prove that the requests were timely (11 NYCRR 65-3.5 [a]), but such requests would not have tolled the 30-day claim determination period because at the time plaintiffs filed the instant claims there was no provision in the insurance regulations for such a procedure (compare 11 NYCRR 65.12 [d], with 11 NYCRR 65-3.5 [e] [eff Apr. 5, 2002]; A.B. Med. Servs. v Lumbermens Mut. Cas. Co., 2003 NY Slip Op 51392[U] [App Term, 2d & 11th Jud Dists]; Bronx Med. Servs. v Lumbermans Mut. Cas. Co., 2003 NY Slip Op 51022[U] [App Term, 1st Dept]).
Accordingly, the matter is remanded to the court below for a calculation of the statutory interest and an assessment of attorney’s fees due on $10,635.26, the portion of the claims for which summary judgment is granted (Insurance Law § 5106 [a]; 11 NYCRR 65-3.9 [a]; 65-3.10 [a]; see St. Clare’s Hosp. v Allstate Ins. Co., 215 AD2d 641 [1995]) and for all further proceedings on the remaining claim.
Doyle, P.J., Winick and Skelos, JJ., concur.