■ In the Matter of Eagle Insurance Company, Appellant, v Elhadji Gueye, Respondent, et al., Respondents. [810 NYS2d 26]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered December 13, 2004, which, in a proceeding by an insurer (Eagle) for a permanent stay of an uninsured motorist arbitration demanded by its insured (Gueye), in which the insurer for the offending vehicle (State Farm) had been joined as an additional respondent, found that State Farm had properly disclaimed coverage, denied Eagle's application for a permanent stay of arbitration and dismissed Eagle's petition, unanimously modified, on the law, to grant Eagle's application, and otherwise affirmed, without costs.

Gueye demanded arbitration with Eagle after State Farm rejected his claim for bodily injuries on the ground that his injuries were not caused by an accident but rather an "intentional act," and also because unspecified policy violations by the owner and driver of the offending vehicle had resulted in a policy disclaimer. At the framed-issue hearing, while State Farm's claims investigator did speak of the lack of cooperation she received from the offending vehicle's owner and driver, it is clear, indeed undisputed, that the primary reason for State Farm's rejection of Gueye's claim was that the collision was staged. The application court credited the testimony of State Farm's claims investigator, but then inconsistently held that there was no basis for Eagle's application to stay arbitration once it had come into possession of the information obtained by State Farm's investigator. If, as the record amply demonstrates and the application court apparently found, State Farm was entitled to disclaim coverage of Gueye's injuries on the ground that they were not the result of an accident (*see State Farm Mut. Auto. Ins. Co. v Laguerre*, 305 AD2d 490 [2003]), there can be no recovery for the same injuries under the uninsured motorist endorsement of Eagle's policy (*see Matter of Allstate Ins. Co. v Massre*, 14 AD3d 610 [2005]). We note that the record contains no sworn statements by Gueye, and that Gueye does not appear on the appeal. Concur—Buckley, P.J., Marlow, Sweeny, Catterson and McGuire, JJ.