■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v WILLIAM R. GODDARD, Respondent, et al., Respondents, and STATE FARM FIRE AND CASUALTY COMPANY, Appellant. [815 NYS2d 650]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, State Farm Fire and Casualty Company appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated September 7, 2004, which, after a hearing, granted the petition, permanently stayed the arbitration, and directed it to defend and indemnify Larchins Valmond with respect to the subject collision.

Ordered that the order is modified, on the law, by deleting the provision thereof directing State Farm Fire and Casualty Company to defend and indemnify Larchins Valmond with respect to the subject collision; as so modified, the order is affirmed, with costs.

William R. Goddard sustained injuries in a collision between a vehicle he operated and a vehicle owned by Larchins Valmond, an insured under a policy issued by the appellant, State Farm Fire and Casualty Company (hereinafter State Farm). State Farm disclaimed coverage of Goddard's injuries on the ground, among others, that the collision was intentional and staged. Goddard thereafter submitted a claim for uninsured motorist coverage to the petitioner, Liberty Mutual Insurance Company (hereinafter Liberty Mutual), which insured the vehicle he was operating. After a hearing, the Supreme Court granted Liberty Mutual's petition to permanently stay arbitration of Goddard's claim, and directed State Farm to defend and indemnify Valmond.

Since Goddard's injuries were not the result of an accident, he is precluded from recovering uninsured motorist benefits under Liberty Mutual's policy (*see State Farm Mut. Auto. Ins. Co. v Laguerre*, 305 AD2d 490, 491 [2003]; *Matter of Govern-*

*ment Empls. Ins. Co. v Shaulskaya,* 302 AD2d 522 [2003]). Accordingly, Liberty Mutual's petition to permanently stay arbitration of Goddard's uninsured motorist coverage claim was properly granted.

Further, it is well settled that an intentional and staged collision caused in the furtherance of an insurance fraud scheme is not a covered accident under a policy of insurance (*see State Farm Mut. Auto. Ins. Co. v Laguerre, supra* at 491; *Matter of Government Empls. Ins. Co. v Shaulskaya, supra* at 522-523; *Matter of Metro Med. Diagnostics v Eagle Ins. Co.,* 293 AD2d 751, 752 [2002]). The evidence at the hearing established that the collision was intentional and staged. Thus, it was not covered by the insurance policy between Valmond and State Farm. Accordingly, the Supreme Court erred in directing State Farm to defend and indemnify Valmond in connection with the collision.

Moreover, we note that State Farm was not required by Insurance Law § 3420 (d) to issue a disclaimer in a timely fashion because its denial of coverage was based upon a lack of coverage and not a policy exclusion (*see Matter of State Farm Mut. Auto. Ins. Co. v Laguerre, supra* at 491; *Matter of Metro Med. Diagnostics v Eagle Ins. Co., supra* at 752). Florio, J.P., Miller, Adams and Skelos, JJ., concur.