■ In the Matter of TRAVELERS INDEMNITY COMPANY, Sued Herein as TRAVELERS INSURANCE COMPANY, Respondent, v RICHARD CRUZ et al., Appellants, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Proposed Respondents. [835 NYS2d 567]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 30, 2006, which denied the Cruz respondents' motion to vacate the prior determination entered on their default, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 7, 2006, which granted petitioner's application to stay permanently the uninsured motorist arbitration demanded by the Cruz respondents, found the disclaimer issued by proposed additional respondent State Farm valid, and sua sponte struck the Cruzes' answer for their failure to appear, unanimously dismissed, without costs.

Based upon a fair interpretation of the credible evidence, the court correctly concluded that the collision was intentional, under which circumstances neither of respondents was entitled to coverage, regardless of the innocence of either one, and regardless of whether the incident was motivated by fraud or malice (*see Matter of Allstate Ins. Co. v Massre*, 14 AD3d 610 [2005]). Moreover, while State Farm's disclaimer was valid, it was not required by Insurance Law § 3420 (d) to issue a disclaimer because its denial of coverage was based on a lack of coverage and not a policy exclusion (*State Farm Mut. Auto. Ins. Co. v Laguerre*, 305 AD2d 490, 491 [2003]).

The court properly denied the motion to vacate default inasmuch as the Cruzes failed to demonstrate either a reasonable excuse or a meritorious defense (*McCleaver v VanFossen*, 276 AD2d 603 [2000]). Contrary to the Cruzes' contentions, if State Farm was entitled to disclaim coverage of appellants' injuries on the ground that they were not the result of an accident, there can be no recovery for the same injuries under the uninsured motorist endorsement of petitioner's policy (*Matter of Eagle Ins. Co. v Gueye*, 26 AD3d 192 [2006]).

We have considered appellants' remaining contentions and find them unavailing. Concur—Saxe, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.