■ In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Appellant, v WAYNE VANDERPOOL, Respondent, and UNITED SERVICES AUTOMOBILE ASSOCIATION et al., Additional Respondents. [924 NYS2d 583]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Putnam County (Nicolai, J.), dated November 15, 2010, which, after a framed-issue hearing, denied that branch of the petition which was to permanently stay the arbitration and directed the parties to proceed to arbitration. By decision and order on motion dated December 20, 2010, this Court granted the petitioner's motion to stay arbitration pending hearing and determination of this appeal.

Ordered that the order is affirmed, with costs.

On November 12, 2005, the respondent Wayne Vanderpool, a police officer, attempted to execute an arrest warrant on additional respondent Yvette Pullum at her home. Rather than submit to the arrest, Pullum got into her car and drove away. In the process, Pullum struck and injured Vanderpool with her vehicle. Pullum eventually pleaded guilty to assault in the second degree (*see* Penal Law § 120.05 [3]) with respect to the incident. Penal Law § 120.05 (3) contains as an element that the defendant intended to prevent a police officer from performing a lawful duty and thereby caused the officer to suffer physical injury. It does not contain as an element that the defendant intended

to cause physical injury to the officer. In addition, at her plea proceeding, Pullum did not admit that she intended to cause physical injury to Vanderpool. Vanderpool eventually filed a claim with his automobile insurance carrier, Progressive Northeastern Insurance Company (hereinafter the petitioner), seeking supplemental underinsured motorist coverage under the supplemental uninsured/underinsured motorist (hereinafter SUM) endorsement on his automobile insurance policy. The petitioner disclaimed coverage on the ground that Vanderpool's injuries were not caused by an "accident," as that term is used in the SUM endorsement, and Vanderpool sought arbitration. The petitioner commenced this proceeding, inter alia, to permanently stay arbitration. After a framed-issue hearing, the Supreme Court denied the petition and directed the parties to proceed to arbitration. The petitioner appeals.

The Court of Appeals recently held in *State Farm Mut. Auto. Ins. Co. v Langan* (16 NY3d 349 [2011]) that, for the purposes of a SUM endorsement, an occurrence should be viewed from the perspective of the insured, rather than of the tortfeasor. When, from the insured's perspective, the occurrence was " 'unexpected, unusual and unforeseen' " (*id.* at 355, quoting *Miller v Continental Ins. Co.*, 40 NY2d 675, 677 [1976]), it qualifies as an "accident." Thus, the Court held in *Langan* that, even though the holder of SUM coverage was the victim of an intentional assault, there had been an "accident" because the assault was unexpected or unintended from the insured's perspective, and SUM coverage was triggered (*see Langan*, 16 NY3d at 355).

Here, from Vanderpool's perspective, his encounter with Pullum's vehicle was unexpected, unusual, and unforeseen. Consequently, whatever Pullum's intent, the occurrence was an "accident" within the meaning of the SUM endorsement of Vanderpool's policy. Consequently, the order denying the petition and directing the parties to proceed to arbitration was properly affirmed (*id.* at 356-357). Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.