■ In the Matter of UTICA MUTUAL INSURANCE COMPANY, Respondent, v KATHLEEN BURROUS, as Administratrix of ALICE P. ROSS, Deceased, Appellant, and STATE FARM INSURANCE COMPANY et al., Respondents. [994 NYS2d 646]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Kathleen Burrous appeals from a judgment of the Supreme Court, Queens County (Rios, J.), entered January 25, 2006, which, after a framed-issue hearing, granted that branch of the petition which was to permanently stay arbitration.

Ordered that the judgment is reversed, on the law, with one

bill of costs to the petitioner-respondent and the respondents-respondents appearing separately and filing separate briefs, and that branch of the petition which was to permanently stay arbitration is denied.

The decedent, Alice P. Ross, died as a result of injuries she sustained when the vehicle she was operating was struck by a vehicle operated by Ward Demoliere. The decedent's vehicle was insured by the petitioner, Utica Mutual Insurance Company (hereinafter Utica), and Demoliere's vehicle was insured by the respondent State Farm Insurance Company (hereinafter State Farm). After State Farm disclaimed coverage on the basis that the collision was intentionally caused by Demoliere and not the result of an accident, Kathleen Burrous, the administrator of the decedent's estate, demanded arbitration with Utica for uninsured motorist coverage provided by the decedent's policy. Thereafter, Utica commenced this proceeding to permanently stay arbitration on the ground that an intentional vehicular assault did not constitute an "accident" for which coverage was available under the uninsured motorist endorsement of the decedent's policy. Following a framed-issue hearing, the Supreme Court determined that where, as here, an automobile collision was the result of an intentional act, it was not considered an accident within the meaning of the automobile insurance policy, and, therefore, no coverage was available under the uninsured motorist endorsement. In a judgment entered January 25, 2006, the Supreme Court granted that branch of Utica's petition which was to permanently stay arbitration.

Contrary to the Supreme Court's determination, Utica is not entitled to a permanent stay of arbitration, and that branch of its petition should have been denied. In *State Farm Mut. Auto. Ins. Co. v Langan* (16 NY3d 349 [2011]), the Court of Appeals held that, for the purposes of an uninsured motorist endorsement, when an occurrence is "unexpected, unusual and unforeseen," from the insured's perspective, it qualifies as an "accident" (*id.* at 355 [internal quotation marks omitted]). Here, from the decedent's perspective, her collision with Demoliere's vehicle was unexpected, unusual, and unforeseen. Therefore, the occurrence constituted an "accident" within the meaning of the uninsured motorist endorsement of the decedent's policy (*see State Farm Mut. Auto. Ins. Co. v Langan*, 16 NY3d at 355-357; *see Matter of Progressive Northeastern Ins. Co. v Vanderpool*, 85 AD3d 926, 927 [2011]).

With respect to the parties' contentions concerning that branch of the petition which was for pre-arbitration discovery, we note that such arguments are not properly before this Court,

as that branch of the petition remains pending and undecided (*see Matter of Interboro Ins. Co. v Maragh*, 51 AD3d 1024, 1026 [2008]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

Utica's remaining contentions are without merit (*see Matter of Progressive Northeastern Ins. Co. v Vanderpool*, 85 AD3d at 927). Dickerson, J.P., Chambers, Roman and Duffy, JJ., concur.