■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v SHARITA YOUNG, Respondent, and GEICO INDEMNITY COMPANY, Appellant, et al., Respondent. [1 NYS3d 330]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist

benefits, GEICO Indemnity Company appeals from a judgment of the Supreme Court, Queens County (Rios, J.), entered November 21, 2013, which, after a framed-issue hearing, granted the petition, permanently stayed the arbitration, and directed it to defend and indemnify its insured, Richard Trotman, with respect to the subject collision.

Ordered that the judgment is reversed, on the law and the facts, with costs, the petition is denied, and the proceeding is dismissed.

On October 20, 2009, a vehicle operated by Sharita Young allegedly was struck in the rear by a vehicle operated by Richard Trotman. Young and two passengers in Trotman's vehicle filed claims with Trotman's insurer, GEICO Indemnity Company (hereinafter GEICO). GEICO disclaimed coverage on the ground that the claims resulted from an intentional act. Young then filed an uninsured motorist claim with her insurer, Liberty Mutual Insurance Company (hereinafter Liberty Mutual). When Young sought arbitration of that claim, Liberty Mutual commenced this proceeding, inter alia, to permanently stay the arbitration. The Supreme Court subsequently granted that branch of the petition which was to add Trotman and GEICO as additional respondents and held a framed-issue hearing on the issue of whether GEICO had properly disclaimed coverage under Trotman's policy. Following the hearing, the Supreme Court concluded that GEICO had not established that the collision was a "staged loss." Accordingly, it issued a judgment granting Liberty Mutual's petition for a permanent stay of arbitration of Young's uninsured motorist claim and directing GEICO to defend and indemnify Trotman with respect to the subject accident. GEICO appeals.

A deliberate collision by an insured is not a covered event under an insurance policy (*see Matter of Liberty Mut. Ins. Co. v Goddard*, 29 AD3d 698, 699 [2006]; *State Farm Mut. Auto. Ins. Co. v Laguerre*, 305 AD2d 490, 491 [2003]; *Matter of Metro Med. Diagnostics v Eagle Ins. Co.*, 293 AD2d 751, 751-752 [2002]). Here, the strong circumstantial evidence at the framed-issue hearing established that Trotman intentionally caused the collision between his vehicle and Young's vehicle. In finding otherwise, the Supreme Court focused entirely on whether Trotman's vehicle suffered any damage, rather than on the totality of the evidence (*see generally A.B. Med. Servs. PLLC v State Farm Mut. Auto. Ins. Co.*, 7 Misc 3d 822 [Civ Ct, Kings County 2005]). Accordingly, because the evidence at the hearing established that Trotman intentionally caused the collision with Young's vehicle, the collision between the two vehicles was not a

covered event under Trotman's policy with GEICO. Therefore, the Supreme Court erred in entering a judgment granting Liberty Mutual's petition for a permanent stay of arbitration of Young's claim for uninsured motorist benefits on the ground that Trotman's vehicle was insured and directing GEICO to defend and indemnify Trotman with respect to the subject accident (see *Matter of Liberty Mut. Ins. Co. v Goddard*, 29 AD3d at 699). Balkin, J.P., Cohen, Duffy and LaSalle, JJ., concur.