■ NATIONWIDE GENERAL INSURANCE COMPANY, Respondent, v LINWOOD BATES III et al., Defendants, and ACTIVE CARE MEDICAL SUPPLY CORP. et al., Appellants. [14 NYS3d 84]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to pay certain no-fault claims submitted to it by the defendants, the defendants Active Care Medical Supply Corp. and Ultimate Health Products, Inc., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Phelan, J.), entered October 21, 2013, as, upon an order of the same court entered August 7, 2013, among other things, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them, is in favor of the plaintiff and against them declaring that the plaintiff has no duty to provide coverage to them and that the policy issued by the plaintiff to the defendant Linwood Bates III is null and void with respect to them.

Ordered that the judgment is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Active Care Medical Supply Corp. and Ultimate Health Products, Inc., are denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff commenced this action for a judgment declaring, inter alia, that it is not obligated to pay no-fault claims submitted to it by the defendants Active Care Medical Supply Corp. and Ultimate Health Products, Inc. (hereinafter together the appellants), in connection with three automobile collisions involving an automobile owned by the defendant Linwood Bates III (hereinafter Bates) and insured by the plaintiff. The

plaintiff moved for summary judgment on the complaint, arguing, among other things, that it is not required to pay no-fault claims to certain medical providers in connection with the three collisions on the ground that the collisions were intentional and staged in furtherance of a fraud scheme. The Supreme Court granted the plaintiff's motion.

"[A]n intentional and staged collision caused in the furtherance of an insurance fraud scheme is not a covered accident under a policy of insurance" (*Matter of Liberty Mut. Ins. Co. v Goddard*, 29 AD3d 698, 699 [2006]; *see Matter of Liberty Mut. Ins. Co. v Young*, 124 AD3d 663, 664 [2015]).

In support of its motion for summary judgment on the complaint, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. The plaintiff asserted that several defendants failed to attend their scheduled depositions, which was purportedly a breach of Bates's insurance contract with the plaintiff. The plaintiff, however, failed to submit evidence from someone with personal knowledge of the mailings of the deposition requests (*see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.*, 35 AD3d 720, 721 [2006]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547, 547-548 [2006]; *cf. Hertz Corp. v Active Care Med. Supply Corp.*, 124 AD3d 411 [2015]). In addition, the uncertified police accident reports submitted by the plaintiff were not admissible (*see Adobea v Junel*, 114 AD3d 818, 820 [2014]; *Cheul Soo Kang v Violante*, 60 AD3d 991 [2009]; *Gagliano v Vaccaro*, 97 AD2d 430, 431 [1983]). Further, the unsigned and unsworn deposition transcript of the defendant Miguel Ortiz was inadmissible (*see* CPLR 3116; *Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 51 [2014]; *McDonald v Mauss*, 38 AD3d 727, 728 [2007]). The plaintiff submitted an affidavit of its investigator, but the investigator relied, mostly, on inadmissible evidence, and lacked personal knowledge of the facts surrounding the three collisions. Accordingly, the plaintiff failed to establish, prima facie, through admissible evidence, that the subject collisions were deliberately caused to fraudulently obtain insurance benefits (*cf. State Farm Mut. Auto. Ins. Co. v Laguerre*, 305 AD2d 490, 491 [2003]).

Since the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the appellants, and we need not consider the sufficiency of the appellants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The appellants' remaining contentions have been rendered academic in light of our determination. Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.