PROGRESSIVE ADVANCED INSURANCE Co., Respondent, v GWENDOLYN McADAM et al., Defendants, and SOVEREIGN ACUPUNCTURE, P.C., Appellant. [32 NYS3d 191]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to pay certain no-fault claims submitted to it by the defendants, the defendant Sovereign Acupuncture, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered June 4, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against it and declaring that the plaintiff has no duty to provide coverage to it pursuant to the policies issued to Gwendolyn McAdam and Arthur Fedee.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Sovereign Acupuncture, P.C., is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

On December 13, 2011, a vehicle driven by the defendant Arthur Fedee, which was owned by the defendant Gwendolyn McAdam and contained three passengers, was involved in a collision. Fedee and two of the passengers sought medical care, and no-fault claims were submitted by their providers to the plaintiff, which insured McAdam (hereinafter collectively the claim one defendants). On December 22, 2011, a vehicle driven by the defendant Rouselie Bellefleur, which was owned by Fedee and contained two passengers, was also involved in a collision. Bellefleur and her passengers sought medical treat-

ment and no-fault benefits, and the no-fault claims were submitted to the plaintiff, which insured Fedee (hereinafter collectively the claim two defendants).

Upon investigation, the plaintiff alleged that the accidents were intentionally staged and fraudulent. It thereafter commenced this action seeking a judgment declaring, inter alia, that it had no duty to provide coverage for the no-fault claims submitted to it by the medical providers who had provided treatment to the claim one and claim two defendants because the underlying accidents were deliberate and fraudulent. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Sovereign Acupuncture, P.C. (hereinafter Sovereign). The Supreme Court granted that branch of the motion and declared that the plaintiff had no duty to provide coverage for the claims submitted by Sovereign. Sovereign appeals. We reverse.

" '[A]n intentional and staged collision caused in the furtherance of an insurance fraud scheme is not a covered accident under a policy of insurance' " (*Nationwide Gen. Ins. Co. v Bates*, 130 AD3d 795, 796 [2015], quoting *Matter of Liberty Mut. Ins. Co. v Goddard*, 29 AD3d 698, 699 [2006]; *see Matter of Liberty Mut. Ins. Co. v Young*, 124 AD3d 663, 664 [2015]).

In support of its motion, inter alia, for summary judgment on the complaint insofar as asserted against Sovereign, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the ground that the subject accidents were staged. The uncertified police accident reports submitted by the plaintiff were not admissible (*see Nationwide Gen. Ins. Co. v Bates*, 130 AD3d at 796; *Sanchez v Taveraz*, 129 AD3d 506, 506 [2015]; *Adobea v Junel*, 114 AD3d 818, 820 [2014]; *Hazzard v Burrowes*, 95 AD3d 829, 831 [2012]; *cf. Caldara v Utica Mut. Ins. Co.*, 130 AD3d 665, 666 [2015]). The plaintiff submitted an affidavit of its medical representative, but that representative relied largely on inadmissible evidence, and lacked personal knowledge of the facts surrounding the two collisions. Thus, the plaintiff failed to establish, prima facie, through admissible evidence, that the subject collisions were deliberately caused to fraudulently obtain insurance benefits (*see Nationwide Gen. Ins. Co. v Bates*, 130 AD3d at 796; *cf. State Farm Mut. Auto. Ins. Co. v Laguerre*, 305 AD2d 490, 491 [2003]). Moreover, the plaintiff failed to establish, prima facie, that McAdam and Fedee were in breach of their insurance contracts with the plaintiff because several defendants failed to attend their scheduled EUOs. The plaintiff failed to submit proof of mailing or evidence from someone with

personal knowledge of the mailings of the EUO requests (*see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.*, 35 AD3d 720, 721 [2006]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547, 547-548 [2006]).

In light of the foregoing, we need not reach Sovereign's remaining contention. Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.