Matter of Progressive Advanced Ins. Co. (Widdecombe) (2018 NY Slip Op 00061)





Matter of Progressive Advanced Ins. Co. (Widdecombe)


2018 NY Slip Op 00061


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

525164

[*1]In the Matter of the Arbitration between PROGRESSIVE ADVANCED INSURANCE CO., Respondent, and MICHAEL WIDDECOMBE, Appellant, et al., Respondents.

Calendar Date: November 13, 2017

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Morgan Levine Dolan, PC, New York City (Jeffrey L. Schulman of Pasich LLP, of counsel), for appellant.
Adams & Kaplan, Yonkers (Michael A. Zarkower of counsel), for Progressive Advanced Insurance Co., respondent.




MEMORANDUM AND ORDER
Mulvey
, J.
Appeal from an amended order of the Supreme Court (McGuire, J.), entered December 21, 2016 in Sullivan County, which granted petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties.
On February 9, 2015, respondent Robert Germain left a bar after consuming a number of alcoholic beverages and got into the driver's seat of his parked car. Concerned that Germain was not
fit to drive,[FN1] respondent Michael Widdecombe, an acquaintance of Germain, left the bar and tried to persuade Germain to come back inside the bar. Widdecombe attempted to stop Germain from operating the car by placing his foot inside the open driver's door and reaching to grab the keys, [*2]which were in the ignition. However, Germain managed to start the engine and put the car in drive, causing it to move forward, trapping Widdecombe and dragging him for approximately 20 feet, resulting in injuries to his leg [FN2]. As it appeared that Germain may have been uninsured at the time of the incident, Widdecombe filed a claim for uninsured motorist benefits under a supplementary uninsured/underinsured motorist (hereinafter SUM) endorsement in his policy with petitioner, his automobile insurer, and filed a demand for arbitration. Petitioner disclaimed coverage and commenced this proceeding to stay the uninsured motorist arbitration. Petitioner argued that Germain was not uninsured as his vehicle was insured at the time of this incident by respondent Hartford Underwriters Insurance Company and, alternately, that Widdecombe's injuries were the result of intentional acts and were, therefore, not due to an accident within the meaning of the SUM coverage. Petitioner also sought to add Hartford and Germain as additional respondents.
Supreme Court granted a temporary stay of arbitration and added Hartford and Germain as parties to the proceeding. The court conducted an evidentiary, framed-issue hearing to resolve the factual disputes regarding, among other things, whether Germain was insured and, if not, Widdecombe was entitled to arbitration of his claim for SUM coverage under his policy with petitioner. By an amended decision and order dated December 8, 2016, the court permanently stayed arbitration, finding that Germain was uninsured, but that a policy exclusion precluded Widdecombe's claim. On Widdecombe's appeal, we reverse, finding that he is entitled to arbitrate his claim.
Initially, it is undisputed, as Supreme Court correctly determined, that Germain is an uninsured motorist as none of his automobile policies, including a prior policy with Hartford, was in effect on the date of this incident. Thus, any exclusion in Germain's former policy with Hartford is irrelevant to this incident. Further, given Germain's uninsured status, Widdecombe properly filed a claim for SUM coverage under his own policy with petitioner. To the extent that the court held that petitioner's disclaimer of coverage was proper based upon an intentional acts exclusion in Widdecombe's policy, this was clear error. Widdecombe's policy, in effect on the date of this incident, does not contain an intentional acts exclusion for uninsured motorist coverage or anything similar to it (compare New York Cent. Mut. Fire Ins. Co. v Wood, 36 AD3d 1048, 1049 [2007])[FN3]. Thus, this did not provide a proper basis for permanently staying arbitration of Widdecombe's claim for SUM benefits.
We now turn to the dispositive question on appeal, which is whether Widdecombe's injuries were caused by an accident within the meaning of his policy with petitioner. Widdecombe's policy included SUM coverage, for which he paid a premium, providing for payment of "all sums that the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury . . . caused by an accident arising out of such uninsured motor vehicle's ownership, maintenance or use" (emphasis added). The term "accident" is not defined in the policy and, thus, we must look to the definition provided by the Court of Appeals in State Farm Mut. Auto. Ins. Co. v Langan (16 NY3d 349, 353 [2011]). In State Farm, the Court held that, for purposes of an uninsured motorist [*3]endorsement, when an occurrence is — from the insured's perspective — "unexpected, unusual and unforeseen," it qualifies as an "accident" (id. at 355 [internal quotation marks and
citation omitted]). As here relevant, the uninsured policy in State Farm contained identical language to Widdecombe's SUM policy. The Court further held that, although the insured was also the victim, "the intentional assault of an innocent insured is an accident within the meaning of his or her own policy" (id. at 356).
Thus, whatever Germain's intent and criminal liability,[FN4] this incident was an accident from Widdecombe's perspective. Contrary to petitioner's contention, Widdecombe's uncontroverted testimony established that the incident "happened so fast" and, after he attempted to grab the keys, Germain said that "he was going to cut [Widdecombe's] leg off" and, as Widdecombe tried to get his leg out of the car, Germain "threw the car in drive" and "screeched" away, dragging Widdecombe. As in State Farm, this event "was clearly an accident from the insured's point of view," since having his leg trapped and being dragged was sudden and "unexpected, unusual and unforeseen" (State Farm Mut. Auto. Inc. Co. v Langan, 16 NY3d at 355-356; see Matter of Utica Mut. Ins. Co. v Burrous, 121 AD3d 910, 911 [2014]; Matter of Progressive Northeastern Ins. Co. v Vanderpool, 85 AD3d 926, 927 [2011]). Consequently, Supreme Court erred in granting the stay of arbitration and Widdecombe's claim should proceed to arbitration.
Garry, P.J., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the amended order is reversed, on the law, with costs, and application denied.



Footnotes

Footnote 1: Germain had recently left the bar and was found on the ground outside and assisted back into the bar, where bar employees attempted to wash blood from his face. He then ran from the bar to his car.

Footnote 2: Widdecombe was the sole witness to testify at the hearing. Germain did not appear, despite being served with a subpoena to appear.

Footnote 3: Germain's policy with Hartford had reportedly contained such an exclusion.

Footnote 4: Germain reportedly entered a guilty plea to reckless endangerment.