Matter of Global Liberty Ins. Co. v Eveillard (2019 NY Slip Op 02521)





Matter of Global Liberty Ins. Co. v Eveillard


2019 NY Slip Op 02521


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-07412
 (Index No. 520011/17)

[*1]In the Matter of Global Liberty Ins. Co. of New York, appellant, 
v
Herve Eveillard, respondent.


Law Offices of Jason Tenenbaum, P.C., Garden City, NY, for appellant.
Eric H. Green, New York, NY (Marc Gertler of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated May 30, 2018. The order, insofar as appealed from, denied the petition to permanently stay arbitration or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing on the issue of coverage under the subject insurance policy.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to temporarily stay arbitration of the claim for uninsured motorist benefits pending a framed-issue hearing is granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of insurance coverage and a new determination thereafter on that branch of the petition which was to permanently stay arbitration.
On May 9, 2015, the respondent, Herve Eveillard, was involved in a two-car motor vehicle collision while he was a passenger in a livery vehicle hired through a smartphone "e-hail" application. On the date of the collision, the livery vehicle in which Eveillard was riding was insured by the petitioner, Global Liberty Ins. Company of New York (hereinafter Global). The other vehicle was uninsured.
On or about March 2, 2017, Eveillard served upon Global a demand for uninsured motorist arbitration. In October 2017, Global commenced this proceeding, seeking to permanently stay arbitration, or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing on the issue of coverage. The issue regarding coverage was whether the collision giving rise to the claim was an accident, or an intentional act orchestrated, in part, by Eveillard, thereby precluding uninsured motorist coverage under Global's policy. In support of its petition, Global submitted its investigative report of the loss, in which Global identified "numerous fraud red flags'"; an affidavit from its manager of the Special Investigation Unit; a letter from Liberty Mutual Insurance Company confirming that the insurance policy on the other vehicle was cancelled prior to the date of the loss; and a sworn statement from the driver of the insured livery vehicle detailing the events leading up to, during, and after the collision, including his observation that the passengers in his vehicle did not appear to be injured.
In opposition, Eveillard submitted an affidavit in which he averred that he sustained legitimate injuries in the collision, that he did not know the driver, owner, or any of the occupants of the other vehicle involved in the collision, and that he had no reason to believe that the collision was intentional. He also submitted a copy of his medical records relating to treatment for the alleged injuries.
In an order dated April 18, 2018, the Supreme Court, upon Eveillard's default in personally appearing on the return date of the petition, temporarily stayed arbitration and ordered a framed-issue hearing on the issue of coverage. Eveillard thereafter moved to vacate his default.
In an order dated May 30, 2018, the Supreme Court granted Eveillard's motion to vacate his default in appearing on the return date, vacated the prior order dated April 18, 2018, and denied the petition without a hearing on the ground that Global had not "set forth a basis for its claim that the accident giving rise to the claim was staged." Global appeals from the order dated May 30, 2018.
Although this Court denied Global's motion to stay all proceedings pending hearing and determination of its appeal from the order dated May 30, 2018 (see Matter of Global Liberty Ins. Co. of New York v Eveillard, ___ AD3d ___, 2018 NY Slip Op 79786[U] [2d Dept 2018]), Global nonetheless has preserved its right to appellate review of this order by virtue of its motion for such temporary judicial relief (see Matter of Commerce & Indus. Ins. Co. v Nester, 90 NY2d 255, 264).
"The purpose of an uninsured motorist endorsement is to help effectuate New York's compulsory automobile liability insurance scheme by providing coverage to injured persons who suffer automobile accident injuries at the hands of financially irresponsible motorists'" (State Farm Mut. Auto. Ins. Co. v Langan, 55 AD3d 281, 283, mod 16 NY3d 349, quoting Matter of Country-Wide Ins. Co. v Wagoner, 45 NY2d 581, 586). With respect to an uninsured motorist endorsement, whether an occurrence qualifies as an accident is determined by whether the occurrence was an unexpected and unintended event from the perspective of the insured (see State Farm Mut. Auto. Ins. Co. v Langan, 16 NY3d 349, 353, 355; accord Matter of Utica Mut. Ins. Co. v Burrous, 121 AD3d 910, 911; Progressive Northeastern Ins. Co. v Vanderpool, 85 AD3d 926, 927). " [A]n intentional and staged collision caused in the furtherance of an insurance fraud scheme is not a covered accident under a policy of insurance'" (Progressive Advanced Ins. Co. v McAdam, 139 AD3d 691, 692, quoting Nationwide Gen. Ins. Co. v Bates, 130 AD3d 795, 796).
As the party seeking a stay of arbitration based upon a lack of coverage, Global bore the initial burden of "showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of Liberty Mut. Ins. Co. v Morgan, 11 AD3d 615, 616). Here, contrary to the Supreme Court's determination in the order dated May 30, 2018, Global set forth evidentiary facts and submitted documentary evidence sufficient to establish a preliminary issue as to whether the collision giving rise to the claim for uninsured motorist benefits was an accident or an intentional act orchestrated, in part, by Eveillard (cf. Matter of American Protection Ins. Co. v DeFalco, 61 AD3d 970, 972; Matter of AIU Ins. Co. v Nunez, 17 AD3d 668, 669). Since Eveillard submitted evidence sufficient to rebut Global's evidentiary showing, a temporary stay of arbitration pending a framed-issue hearing is warranted (see Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1003).
Accordingly, the Supreme Court should have granted that branch of the petition which was to temporarily stay arbitration of the claim for uninsured motorist benefits pending a framed-issue hearing as to whether the collision was the result of a covered accident or an intentional act, and we remit the matter to the Supreme Court, Kings County, for a hearing on the issue of insurance coverage and a new determination thereafter on that branch of the petition which was to permanently stay arbitration.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court