National Gen. Ins. Online, Inc. v Blasco (2022 NY Slip Op 06252)

National Gen. Ins. Online, Inc. v Blasco

2022 NY Slip Op 06252

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2019-13906
 (Index No. 605852/18)

[*1]National General Insurance Online, Inc., et al., respondents, 
v
Franklin Blasco, et al., defendants, AB Medical Supply, Inc., et al., appellants.

The Rybak Firm, PLLC, Brooklyn, NY (Oleg Rybak and Maksim Leyvi of counsel), for appellants.
McDonnell Adels & Klestzick, PLLC, Garden City, NY (Michael J. Giordano of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiffs are not obligated to pay certain no-fault claims, the defendants AB Medical Supply, Inc., AB Quality Health Supply Corp., ACH Chiropractic, P.C., Energy Chiropractic, P.C., FJL Medical Services, P.C., JFL Medical Care, P.C., JPF Medical Services, P.C., Jules Francois Parisien, Kings Rehab Acupuncture, P.C., and Maria Shiela Masigla appeal from a judgment of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered November 13, 2019. The judgment, upon an order of the same court entered October 9, 2019, granting that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against those defendants, inter alia, declared that the plaintiffs have no duty to provide coverage for the subject no-fault claims.
ORDERED that the judgment is affirmed, with costs.
In April 2017 and June 2017, within days of the defendants Jerry Noland and Franklin Blasco procuring automobile insurance policies, the vehicles for which the policies were issued were involved in two separate automobile collisions when they each came into contact with two separate taxicabs. In or around April 2018, the plaintiffs, National General Insurance Online, Inc., and National General Insurance Company, commenced this action against Noland, Blasco and other individuals involved in the collisions, as well as, among others, the defendants AB Medical Supply, Inc., AB Quality Health Supply Corp., ACH Chiropractic, P.C., Energy Chiropractic, P.C., FJL Medical Services, P.C., JFL Medical Care, P.C., JPF Medical Services, P.C., Jules Francois Parisien, Kings Rehab Acupuncture, P.C., and Maria Shiela Masigla (hereinafter collectively the medical provider defendants), alleging, inter alia, that the collisions were intentional. After the Supreme Court granted the plaintiffs' motion for leave to enter a default judgment against, among others, the individuals involved in the two collisions, the plaintiffs moved, among other things, for summary judgment on the complaint insofar as asserted against the medical provider defendants, arguing, inter alia, that they are not obligated to pay no-fault claims submitted to them by the medical provider defendants in connection with the collisions. In an order entered October 9, 2019, the Supreme Court granted that branch of the motion. A judgment was entered November 13, 2019. The medical provider defendants appeal. We affirm.
The medical provider defendants failed to sustain their burden of demonstrating that the branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against them was premature (see CPLR 3212[f]; Shah v MTA Bus Co., 201 AD3d 833). Further, an intentional and staged collision caused in furtherance of an insurance fraud scheme is not a covered accident under a policy of insurance (see Matter of Liberty Mut. Ins. Co. v Goddard, 29 AD3d 698, 699), and here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating, through admissible evidence, that the subject collisions were intentionally caused or staged (see State Farm Mut. Auto. Ins. Co. v Laguerre, 305 AD2d 490; cf. Progressive Advanced Ins. Co. v McAdam, 139 AD3d 691; Nationwide Gen. Ins. Co. v Bates, 130 AD3d 795). In opposition, the medical provider defendants failed to raise a triable issue of fact as to whether the collisions were intentionally caused or staged. Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the complaint insofar as asserted against the medical provider defendants.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court