Nationwide Gen. Ins. Co. v South (2024 NY Slip Op 00028)

Nationwide Gen. Ins. Co. v South

2024 NY Slip Op 00028

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 154533/21 Appeal No. 1337 Case No. 2023-02237 

[*1]Nationwide General Insurance Company, et al., Plaintiffs-Appellants,
v
Richard South, et al., Defendants, ARS Medical Equipment Corp., et al., Defendants-Respondents.

Hollander Legal Group, P.C., Melville (Allan S. Hollander of counsel), for appellants.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about April 10, 2023, which, insofar as appealed from, denied plaintiffs' motion for summary judgment declaring that they have no obligation to pay no-fault benefits to defendants ARS Medical Equipment Corp., Ideal Care Pharmacy, Inc., and Rosar Medical Equipment Corp. (collectively defendants) in connection with the underlying August 9, 2020 accident, unanimously reversed, on the law, the motion granted, and it is so declared.
Plaintiffs demonstrated a "founded belief" that the August 9, 2020 accident was not covered by no-fault insurance (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]; 11 NYCRR 65-3.8[e][2]), based on, among other things, the investigation undertaken by their investigator and the examination under oath (EUO) testimony of the driver of the vehicle in which the claimants were passengers. The driver stated that immediately before the collision, he heard one of the passengers tell someone on the phone to hit the car, and that after the accident the other vehicle fled the scene. Defendants failed to present evidence sufficient to raise an issue of fact as to the bona fides of the accident because they did not provide an affidavit of a person with knowledge supporting the legitimacy of their claims. The affirmation of defendants' attorney in opposition to plaintiffs' summary judgment motion was of no probative value (see Ramos v New York City Hous. Auth., 264 AD2d 568 [1st Dept 1999]). Under these circumstances, plaintiffs were entitled to deny coverage pursuant to 11 NYCRR 65-3.8(e)(2)and the provisions of the policy voiding coverage based on fraud (see Matter of Eagle Ins. Co. v Gueye, 26 AD3d 192, 193 [1st Dept 2006]).
Additionally, and as a separate ground for the declaration, plaintiffs demonstrated prima facie that the claimants' failure to appear for two properly noticed and scheduled EUOs was a violation of a condition precedent to coverage and a valid basis to deny defendants' claims (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011], lv denied 17 NY3d 705 [2011]). The affidavit of plaintiffs' claims manager and the exhibits attached thereto were sufficient evidence that the notices of the EOUs were sent within 15 days of receipt of the NF-2s (see 11 NYCRR 65-3.5[b]), and the second EUO was noticed within 10 days of the claimants' nonappearance at the first scheduled EUO (see 11 NYCRR 65-3.6[b]).The affirmation of plaintiffs' attorneys and the transcript of the proceedings on the dates the EUOs were scheduled showed that the claimants did not appear; and the affirmation of one of the attorneys described in detail the office procedure regarding mailing of the EUO notices. A further affidavit of the operations manager of the company acting as plaintiffs' agent for receipt of bills and correspondence showed that the denial letters were also timely sent(see 11 NYCRR 65-3.8[*2][a][1], [c]).Defendants failed to present sufficient evidence to raise an issue of fact concerning the timeliness of the EUO the nonappearance of the claimants at the EUOs, and the subsequent denial notices.Whether or not defendants were innocent third parties was irrelevant because "an assignee never stands in a better position than his assignor" (see Matter of International Ribbon Mills [Arjan Ribbons], 36 NY2d 121, 126 [1975]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024