Parisien v Erie Ins. Co. of N.Y. (2026 NY Slip Op 50400(U))

[*1]

Parisien v Erie Ins. Co. of N.Y.

2026 NY Slip Op 50400(U)

Decided on March 25, 2026

Civil Court Of The City Of New York, Richmond County

Kagan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 25, 2026
Civil Court of the City of New York, Richmond County

Jules Francois Parisien MD, 
 As Assignee of Manuel Plasencia, Plaintiff,

againstErie Insurance Company of New York, Defendant.

Index No. CV-759232-24/RI

Plaintiff -Law Offices of Marina Josovich, P.C. 
1733 Sheepshead Bay Road, Suite 11Brooklyn, NY 11235 
Phone: (718) 645-7770Defendant -MURA LAW GROUP, PLLC 
14 Lafayette Sq, Ste 930Buffalo, NY 14203-1909Phone: (716) 855-2800

Mark Kagan, J.

The defendant Erie Insurance Company of New York has moved pursuant to CPLR §3212 seeking summary judgement dismissing the action on the grounds the accident was staged. The plaintiff has opposed the motion. Pursuant to CPLR §2219(a) the court has reviewed all the papers submitted including NYSCEF document numbers 1-44 and now renders the following determination.
On April 24, 2024 a vehicle driven by Miguel Angel Palaciosromero was involved in an accident with a vehicle driven by Mohamed Mohamed. The assignor, Manuel Plasencia, a passenger in the vehicle driven by Palaciosromero, sought No-Faults benefits in the amount of $1,449.69. The defendant, the insurer of the assignor refused the payment on the grounds the accident was staged. The plaintiff commenced this action seeking payment and the defendant duly answered. The defendant has now moved seeking summary judgement dismissing the [*2]action arguing there are no questions of fact the action should be dismissed. They assert there is evidence which establishes as a matter of fact that the accident was staged. As noted, the motion is opposed.
Conclusions of LawConcerning first party no-fault benefits, an insurer may move seeking summary judgement dismissing the action on the grounds additional verification information was sought from the plaintiff and not provided (Eagle Surgical Supply Inc., v. Travelers Indemnity Company, 29 Misc 3d 129(A), 958 NYS2d 307 [Supreme Court Appellate Term Second Department 2010]).
It is well settled that "an intentional and staged collision caused in furtherance of an insurance fraud scheme is not a covered accident under a policy of insurance" (National General Insurance Online Inc., v. Blasco, 210 AD3d 786, 177 NYS3d 350 [2d Dept., 2022]). In truth, the intentional nature of the event does not have to be rooted in efforts to defraud an insurance company, rather, any reason the event is intentional will foreclose the availability of No-Fault benefits (see, V.S. Medical Services P.C., v. Allstate Insurance Company, 11 Misc 3d 344, 811 NYS2d 886 [Civil Court Kings County 2006]). In seeking summary judgement dismissing the action on the grounds the accident was staged the insurance company bears the burden of presenting sufficient proof in admissible form establishing the absence of any material fact (Repwest Insurance Company v. Sasan Family Chiropractic P.C., 2016 WL 4000626 [Supreme Court New York County 2016]). Thus, mere unsubstantiated suspicions are insufficient to establish the necessary proof required to conclude an accident was staged (AB Medical Services PLLC v. Eagle insurance Company, 3 Misc 3d 8, 776 NYS2d 434 [Appellate Term Second Department 2003]).
In support of the motion the accident was staged Erie Insurance has introduced the examination under oath of Mohamed Mohamed, the driver of the other vehicle who testified that when the accident occurred there were only two individuals in the vehicle, namely the driver Palaciosromero and the assignor (see, EUO of Mohamed Mohamed, page 23 [NYSCEF Doc. No. 9]). Mr. Mohamed was specifically asked whether any assertions there was a third person in the vehicle would constitute a fabrication. He responded "No, there's no third person, you know. And I remember when the accident happened, they come out. I came out on the highway right there, we just looking what happened. And before even we moved to the shoulder, there was two people. And then when we went into the shoulder, there's two people came out. So if there is a third person, it will be there, right? There's no third person" (see, EUO of Mohamed Mohamed, pages 36,37 [NYSCEF Doc. No. 9]). The defendant argues that "significantly, Mohamed, who has nothing to gain by doing so, unequivocally affirms that there were only two occupants inside the insured vehicle at the time of the subject incident impact" (see, Affirmation of Brendon Byrne, ¶36 [NYSCEF Doc. No. 6]). 
However, the driver, the assignor and the third individual, Francisco Monserrate all testified at examinations under oath and all testified that all three were in the vehicle at the time of the collision. First, the driver Palaciosromero was asked "is it your testimony that at the time of this accident in April that both Francisco and Manuel were occupants of your vehicle at the time of the impact?" and he responded "yes" (see, EUO of Miguel Angel Palaciosromero, page 26 [NYSCEF Doc. No. 11]). Further, Palaciosromero was presented with possibility that there were four people in the vehicle. He responded "I deny that completely. There was nobody else in my car aside from me, Francisco and Manuel" (see, EUO of Miguel Angel Palaciosromero, [*3]page 107 [NYSCEF Doc. No. 11]).
Next, the assignor, Manuel Placensia was asked concerning the accident in question "was anybody with you in the vehicle at that time?" and he responded "Miguel and Francisco" (see, EUO of Manuel Plasencia, pages 36,37 [NYSCEF Doc. No. 14]). Further, Plasencia was informed that Mohamed testified there were only two occupants in the vehicle and was then asked "so with that said, is it fair to say that Francisco was not in the vehicle at the time of the accident?" Plasencia responded "No, the three of us were together" (see, EUO of Manuel Plasencia, page 48 [NYSCEF Doc. No. 14]). He was then asked "are you sure you're going to stick with that story in light of the evidence of that driver that it was only Miguel and an older male passenger which could be you since you're 40 and not 26?" and he responded "I—well, I think that other driver might have gotten scared or shocked because of the impact, but like I said from the beginning, that I'm under oath and inside our vehicle was Miguel, myself and Francisco" (see, EUO of Manuel Plasencia, pages 48, 49 [NYSCEF Doc. No. 14]).
Moreover, Francisco Monseratte testified that he was present in the vehicle when the accident occurred (see, EUO of Francisco Monseratte, page 17 [NYSCEF Doc. No. 13]). Moreover, he repeatedly reiterates throughout the testimony that he was in the vehicle at the time of the accident.
Thus, notwithstanding Mohamed's disinterest in the number of occupants in the Palaciosromero vehicle there are clearly questions of credibility concerning whether in fact Monseratte was present in the vehicle when the accident occurred. It is well settled that "it is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof)" (see, Vega v. Restani Construction Corp., 18 NY3d 499, 942 NYS2d 13 [2012]). Therefore, summary judgement cannot be granted when facts are in dispute (Young v. Kamath, — AD3d —, — NYS3d —, 2026 WL 516800 [2d Dept., 2026]).
In this case, clearly, there are credibility determinations that must be made concerning whether Monseratte was a passenger in the vehicle. That determination cannot be made at this juncture.
Next, the defendant argues that notwithstanding any credibility issues whether Monseratte was a passenger in the vehicle there are so many inconsistencies in the testimony of Palaciosromero, Plasencia and Monseratte that as a matter of law it may be determined that Monseratte was not a passenger in the vehicle and that the assignor engaged in fraud and summary judgement should be granted.
It is true that inconsistencies between various occupants of a vehicle can be used to support the contention the accident was staged or fraudulent (State Farm Fire and Casualty Company v. Advanced Recovery Equipment and Supplies LLC, 2022 NY Slip Op 32805(U) [Supreme Court New York County 2022]). However, the inconsistencies must relate to the subject accident. Thus, in Pavlova v. Allstate Insurance Company, 62 Misc 3d 1207(A), 112 NYS3d 871 [Supreme Court Kings County 2019] the court conceded there were inconsistencies between the testimonies of the various individuals that were in the accident however, there was no explanation how those inconsistencies demonstrated the accident was staged. The court specifically noted that the "defendant did not proffer any affidavit from an investigator who can elaborate on why the inconsistencies demonstrate intentional losses. Without a cogent and detailed investigative summary of this type of alleged intentional loss and solely relying on the transcripts alone in this matter, the testimonies given do not rise to the level of a founded belief [*4]that the accident was staged" (id). Again, in State Farm Mutual Auto Insurance Company v. Allmed Merchandise and Trading Inc., 2022 WL 596992 [Supreme Court New York County 2022] the court held that inconsistencies surely raised issues of credibility but they were, standing alone, insufficient to support the conclusion the accident was staged as a matter of law. Further, in Hereford Insurance Company v. All Nations DME Corp., 2026 WL 147211 [Supreme Court New York County 2026] the court held that even inconsistencies about the accident, such as the time and place and the whereabouts of the participants prior to the accident does not in any way demonstrate the accident was fraudulent.
In this case, there are numerous inconsistencies found in the testimony of the three alleged participants present in the Palaciosromero vehicle. However, those inconsistencies do not support whether Monseratte was present when the accident occurred. Regarding that sole issue, upon which the entire allegation of fraud is based, there is no inconsistency. There are credibility issues with Mohamed in that regard. Precisely for these reasons summary judgement must be denied.
So ordered.
Dated: March 25, 2026Brooklyn, NYHon. Mark Kagan, JCC