■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v INNA SHAULSKAYA, Appellant, and NATIONAL GRANGE MUTUAL INSURANCE COMPANY et al., Respondents. [756 NYS2d 79] —In a proceeding pursuant to CPLR 7503 to permanently stay arbitration of an uninsured motorist claim, Inna Shaulskaya appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), entered August 27, 2001, which, after a hearing, granted the petition. The appeal brings up for review so much of an order of the same court, dated October 25, 2001, as, upon reargument, adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order entered August 27, 2001, is dismissed, as that order was superseded by the order dated October 25, 2001, made upon reargument; and it is further,

Ordered that the order dated October 25, 2001, is affirmed insofar as reviewed, and it is further,

Ordered that one bill of costs is awarded to the petitioner-respondent and the respondent-respondent National Grange Mutual Insurance Company.

The appellant allegedly sustained injuries in a collision between a vehicle in which she was a passenger and a vehicle owned by the respondent Ilaide Collins and insured under a policy issued by the respondent National Grange Mutual Insurance Company (hereinafter National Grange). National Grange disclaimed coverage of the appellant's third-party claim on the ground, among others, that the collision was intentional. The appellant then submitted a claim for uninsured motorist coverage to the petitioner, Government Employees Insurance Company (hereinafter GEICO), the insurer of the vehicle in which she was a passenger. GEICO similarly disclaimed coverage, and the appellant requested arbitration. The Supreme Court granted the petition of GEICO for a permanent stay of arbitration.

The appellant concedes that the collision was a deliberate occurrence perpetrated in furtherance of an insurance fraud scheme. Consequently, the incident was not within the scope of

coverage provided by Ilaide Collins's automobile insurance policy. Therefore, the disclaimer by National Grange was valid regardless of whether the intentional collision was motivated by fraud or malice (*see Matter of Metro Med. Diagnostics v Eagle Ins. Co.,* 293 AD2d 751 [2002]; *cf. Matter of Progressive Northwestern Ins. v Van Dina,* 282 AD2d 680 [2001]; *Allstate Ins. Co. v Bostick,* 228 AD2d 628 [1996]; *Matter of Aetna Cas. & Sur. Co. v Perry,* 220 AD2d 497 [1995]). The Supreme Court properly granted the petition to permanently stay the arbitration of the appellant's claim under the host vehicle's uninsured motorist policy endorsement (*see Matter of Metro Med. Diagnostics v Eagle Ins. Co., supra; McCarthy v Motor Veh. Acc. Indem. Corp.,* 16 AD2d 35 [1962], *affd* 12 NY2d 922 [1963]). Prudenti, P.J., Ritter, Luciano and H. Miller, JJ., concur.