■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v VIOLETA ROBBINS, Appellant. TRAVELERS INDEMNITY COMPANY et al., Proposed Additional Respondents. [789 NYS2d 719]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Violeta Robbins appeals from an order of the Supreme Court, Kings County (Silverman, J.H.O.), dated July 14, 2003, which, after a hearing, upon finding that the accident was "staged," in effect, granted the petition and permanently stayed the arbitration.

Ordered that the order is affirmed, with one of bill of costs to Government Employees Insurance Company and Travelers Indemnity Company.

The appellant allegedly was injured in an automobile accident involving her car, insured by Government Employees Insurance Company (hereinafter GEICO), and a car owned by the proposed additional respondent Dimitri Begiashvili and operated by nonparty George Chanturia. Two of the three passengers seated in Begiashvili's car submitted claims to Travelers Insurance Company (hereinafter Travelers), which had issued a policy covering Begiashvili's car. After conducting an investigation, Travelers disclaimed coverage, primarily on the ground of lack of cooperation, but also on the ground of fraud. GEICO, after being served with a demand for uninsured motorist arbitration, commenced this proceeding to permanently stay the arbitration. The Supreme Court temporarily stayed the arbitration pending a hearing on whether Begiashvili's car was uninsured. The Judicial Hearing Officer (hereinafter the JHO) to whom the matter was referred conducted a hearing. Upon finding that the accident was "staged," the JHO, inter alia, determined that Travelers properly disclaimed on both grounds.

The issue of whether the accident was "staged" was a relevant, while not fully dispositive issue, and was subsumed under the issue of whether the vehicle was uninsured. Further, there was ample evidence to support the JHO's findings that the accident was staged in perpetration of a fraudulent insurance scheme. Consequently, the accident was not covered (*see Matter of Government Empls. Ins. Co. v Shaulskaya*, 302 AD2d 522 [2003]; *Matter of Metro Med. Diagnostics v Eagle Ins. Co.*, 293 AD2d 751 [2002]; *see also Matter of Progressive Northwestern Ins. Co. v Van Dina*, 282 AD2d 680 [2001]; *Matter of Aetna Cas. & Sur. Co. v Perry*, 220 AD2d 497 [1995]; *McCarthy v Motor Veh. Acc. Indem. Corp.*, 16 AD2d 35 [1962], *affd* 12 NY2d 922 [1963]). Accordingly, the JHO properly, in effect, granted the petition and permanently stayed the arbitration (*see Matter of Government Empls. Ins. Co. v Shaulskaya, supra; Matter of Metro Med. Diagnostics v Eagle Ins. Co., supra*).

The appellant's remaining contentions are without merit. H. Miller, J.P., Luciano, Rivera and Lifson, JJ., concur.