■ In the Matter of AIU Insurance Company, Appellant, v Candita Nunez et al., Respondents. State Farm Mutual Automobile Insurance Company, Proposed Additional Respondent, et al., Proposed Additional Respondent. [793 NYS2d 514]—

In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated December 5, 2003, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a framed-issue hearing in accordance herewith, and for a new determination of the petition thereafter.

The petitioner made a prima facie showing of entitlement to a stay of arbitration by submitting the police accident report and the Department of Motor Vehicles registration record which each showed the respondent State Farm Mutual Insurance Company (hereinafter State Farm) as the insurer of the alleged offending vehicle at the time of the accident. However, the papers submitted in opposition raise issues of fact as to whether the automobile collision giving rise to the underlying request for arbitration was deliberate or intentional, and whether the claimants participated in staging the collision, in which case the claim sought to be arbitrated would not be covered by the uninsured provisions of the petitioner's policy (*see Matter of Government Empls. Ins. Co. v Robbins*, 15 AD3d 484, 485 [2005] ["The issue of whether the accident was 'staged' was a relevant, while not fully dispositive issue, and was subsumed under the issue of whether the vehicle was uninsured"]; *see also State Farm Mut. Auto. Ins. Co. v Laguerre*, 305 AD2d 490 [2003]; *Government Empls. Ins. Co. v Shaulskaya*, 302 AD2d 522 [2003]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a framed-issue hearing as to whether the automobile collision giving rise to the underlying request for arbitration was deliberate or intentional, and whether the claimants participated in staging the collision (*see Government Empls. Ins. Co. v Robbins, supra*; *United Community Ins. Co. v Gabriel*, 229 AD2d 444 [1996]). Crane, J.P., Rivera, Skelos and Lifson, JJ., concur.