In the Matter of EAGLE INSURANCE COMPANY, Appellant, v JOHNNY DAVIS et al., Respondents. [803 NYS2d 679]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered July 29, 2004, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a framed-issue hearing and a new determination of the petition thereafter.

After the respondent filed a demand for arbitration under the supplementary uninsured motorist provision of a policy issued by the petitioner, the petitioner moved to stay the arbitration. In its petition, the petitioner submitted a police accident report and a Department of Motor Vehicles registration record abstract demonstrating that the offending vehicle was insured by the proposed additional respondent Progressive Northeastern Insurance Company. The petition also alleged that the accident was intentional and the claim was fraudulent. The Supreme Court granted a temporary stay of arbitration and directed a framed-issue hearing "on the issue of offending vehicle coverage and the right to proceed to arbitration." At the framed-issue hearing, the Supreme Court confined the evidence to the issue of whether coverage existed on the offending vehicle and refused to consider evidence on the issue of fraud. The Supreme Court erred in this regard.

A collision caused in the furtherance of an insurance fraud scheme is not a covered accident under a policy of insurance (*see Matter of Allstate Ins. Co. v Massre,* 14 AD3d 610 [2005]; *State Farm Mut. Auto. Ins. Co. v Laguerre,* 305 AD2d 490 [2003]; *Matter of Metro Med. Diagnostics v Eagle Ins. Co.,* 293 AD2d 751 [2002]). When a petition raises an issue of fact as to whether the automobile collision giving rise to the underlying request for arbitration was deliberate or intentional, the issue of fraud is subsumed under the coverage issue (*see Matter of Government Empls. Ins. Co. v Robbins,* 15 AD3d 484, 485 [2005]). Evidence of such fraud should be considered in determining the broader coverage issue (*id.*; *Matter of AIU Ins. Co. v Nunez,* 17 AD3d 668 [2005]). Accordingly, we remit the matter to the Supreme Court, Nassau County, for further proceedings consistent herewith. Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.