*98 OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment predicated on the lack of coverage, i.e., that the assignor’s injuries, if any, did not arise from the underlying traffic incident, and, if they did, the incident was staged to defraud defendant. After the court (Norman Janowitz, J.) denied defendant’s motion, plaintiff then moved for summary judgment, which defendant opposed essentially on the same proof of fraud submitted in support of its own motion. The court (Erica L. Prager, J.) declined to review defendant’s proof of fraud on the ground that the prior determination, that the proof did not support defendant’s motion, was the law of the case. The court granted plaintiffs motion and this appeal ensued.
Contrary to the determination of the court below, the prior order which denied defendant’s motion for summary judgment did not bar reconsideration of defendant’s proof of fraud in opposition to plaintiffs motion, since the quantum of proof needed to obtain summary judgment is higher than that necessary to establish a triable issue of material fact in opposition to such a motion (e.g. Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068 [1979]; Stone v Goodson, 8 NY2d 8, 12 [I960]; Kwi Bong Yi v JNJ Supply Corp., 274 AD2d 453 [2000]).
To interpose a defense of staged-accident fraud sufficient to raise a triable issue of fact, defendant must establish “the fact or founded belief that the alleged injuries] do[ ] not arise out of an insured incident” (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]; Ocean Diagnostic Imaging P.C. v Allstate Ins. Co., 6 Misc 3d 134[A], 2005 NY Slip Op 50189[U] [App Term, 9th & 10th Jud Dists 2005]). Mere “unsubstantiated assertions or speculations” are insufficient (Alvarez v Prospect Hosp., 68 NY2d 320, 327 [1986]). The affidavit of defendant’s special investigator and the attached exhibits failed to substantiate the investigator’s conclusory allegations of the insured’s participation in a “ring” that stages traffic incidents to defraud insurers (see Comprehensive Mental v Allstate Ins. Co., 14 Misc 3d 130[A], 2007 NY Slip Op 50017[U] [App Term, 9th & 10th Jud Dists 2007]; Ocean Diagnostic Imaging P.C. v Allstate Ins. Co., 6 Misc 3d 134[A], 2005 NY Slip Op 50189[U] [2005], supra). In addition, the discrepancies in the testimony *99 given by two passengers during their examinations under oath were insufficient to establish a founded belief that the alleged injuries did not arise out of a covered accident (see A.B. Med. Servs. PLLC v State Farm Mut. Auto. Ins. Co., 12 Misc 3d 129[A], 2006 NY Slip Op 51033[U] [App Term, 2d & 11th Jud Dists 2006]).
We note that the insured had no obligation to appear for an examination under oath because “at the applicable time, the insurance regulations contained no authorization for examinations under oath” (Amstel Chiropractic v Omni Indem. Co., 2 Misc 3d 129[A], 2004 NY Slip Op 50088[U], *1 [App Term, 2d & 11th Jud Dists 2004]). In such circumstances, the mere failure to appear for such an examination does not support an inference of “the fact or founded belief’ that the underlying incident was staged to defraud.
McCabe, J.E, Tanenbaum and Lippman, JJ., concur.