*40 OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant argued at trial that there was no coverage for plaintiffs assignor’s alleged injuries because the injuries, were not sustained in a covered accident. Following the nonjury trial, the Civil Court dismissed the complaint, finding that defendant had sustained its burden of proving lack of coverage by a preponderance of the evidence. On appeal, plaintiff contends that defendant had to prove, by clear and convincing evidence, rather than by a mere preponderance of the evidence, that the alleged injuries were the result of an insurance fraud scheme. Plaintiff further argues that even if the Civil Court correctly determined that defendant’s burden could be satisfied by defendant proving its defense by a mere preponderance of the evidence, the evidence presented by defendant was insufficient to satisfy this burden.
In its decision, the Civil Court noted that, while an insurer may put forth evidence of a fraudulent scheme in order to prove that a collision was not an accident, the insurer need not prove fraud (see Matter of Eagle Ins. Co. v Davis, 22 AD3d 846 [2005]). As stated in the court’s decision,
“courts commonly invoke the term ‘fraud’ when discussing the defense of lack of coverage; this may be because so many cases involving allegedly non-covered incidents center on accidents purportedly staged for the purpose of generating fraudulent insurance claims . . . Perhaps the seminal embodiment of this formulation is the Second Department’s pronouncement [in State Farm Mut. Auto. Ins. Co. v Laguerre (305 AD2d 490, 491 [2003])] that ‘[a] deliberate collision caused in furtherance of an insurance fraud scheme is not a covered accident’ ” (V.S. Med. Servs., P.C. v Allstate Ins. Co., 11 Misc 3d 334, 339 [2006]).
However, explained the Civil Court, “it does not matter whether the accident was staged in furtherance of an insurance fraud scheme or was deliberately caused under some other circumstances” (id. at 335). Rather, the court need only determine “whether the incident was unintentional (i.e., a true accident) or whether at least one driver intended to make contact (i.e., a deliberate event)” (id. at 340). This is because “[i]f the collision *41 was an intentional occurrence, then it is outside the scope of the no-fault policy regardless of why or how it occurred or who was behind it” (id. at 341). We agree with the Civil Court’s reasoning regarding this issue.
In Fair Price Med. Supply Corp. v Travelers Indem. Co. (42 AD3d 277, 284 [2007], affd 10 NY3d 556 [2008]), the Appellate Division explained that “[w]hat excuses the insurer’s compliance with the 30-day rule in a staged-accident case is not the egregiousness of the fraud; rather, it is the absence of coverage for something that is not an ‘accident.’ ” As noted by the Appellate Division, “[t]he rationale for such [a] holding[ ] is that a deliberate collision that is caused in furtherance of an insurance fraud scheme is simply not an ‘accident’ covered by the subject insurance policy” (id. at 283). Thus, in the case at bar, defendant could properly premise its defense upon a lack of coverage and could establish this defense by a preponderance of the evidence; defendant was not required to establish that the subject collision was the product of fraud, which would require proof of all of the elements of fraud, including scienter (see Apollo H.V.A.C. Corp. v Halpern Constr., Inc., 55 AD3d 855 [2008]), by clear and convincing evidence (see Simcuski v Saeli, 44 NY2d 442 [1978]; Hutt v Lumbermens Mut. Cas. Co., 95 AD2d 255 [1983]). Upon a review of the record, we agree with the Civil Court’s determination that defendant’s proof, which plaintiff failed to rebut, established by a preponderance of the evidence its defense of lack of coverage (see Praimnath v Torres, 59 AD3d 419 [2009]). Accordingly, the judgment is affirmed.
Weston, J.E, Rios and Steinhardt, JJ., concur.