Tejada v Amazon Logistics Inc. (2025 NY Slip Op 50967(U))

[*1]

Tejada v Amazon Logistics Inc.

2025 NY Slip Op 50967(U)

Decided on June 11, 2025

Supreme Court, Bronx County

Gouldborne, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 11, 2025
Supreme Court, Bronx County

Juan Tejada, Plaintiff,

against
Amazon Logistics Inc., and Celina Briyanne Brown, Defendants.
Carlos Augusto Sanchez Jimenez, Plaintiff,
against
Amazon Logistics, Inc., DYJ Logistics, LLC., a/k/a DNJ6 DYJ Logistics, LLC., 
 Celina B. Brown, Juan L. Tejada, Defendants.

Index No. 804827/2022E

Plaintiff is represented by Yadgarov & Associates, PLLC, 820 Second Avenue -Suite 1100, New York, NY 10017.
Defendant Amazon is represented by Wilson Elser Moskowitz Edelman & Dicker LLP, 1133 Westchester Avenue, White Plains, NY 10604.
Defendant Brown is represented by Rossman Law Firm, LLC, 300 Cadman Plaza West One Pierrepont Plaza, 12th floor, Brooklyn, NY 11201.

Patsy Gouldborne, J.

The following papers were read on this motion (Mot. Seq. 2) to AMEND submitted on May 7, 2025.
Sequence No. 002       NYSCEF Doc Nos.
Notice of Motion — Affirmation, Supplemental Affirmation, and Exhibits Annexed 36—46
Affirmation in Opposition 48
Affirmation in Reply with Exhibit Annexed 49—50
Upon the foregoing papers, defendants, Amazon Logistics, Inc., and Celina B. Brown (Brown; collectively, defendants) move pursuant to CPLR 3025 (b) and CPLR 3018 (b) for leave [*2]to amend their answer to add affirmative defenses of fraud, fraud against the court, and staged accident as against Juan L. Tejada (Tejada). The motion is decided as follows.
Background
Tejada commenced this action for personal injuries sustained as a result of a motor vehicle accident that occurred on November 8, 2021, at or near the intersection of 190th and 192nd Street, Bronx County. Tejeda alleges that he was a passenger in a motor vehicle (the Tejada vehicle) that was struck by a vehicle owned by Amazon and operated by Brown (the Amazon vehicle).
Jimenez commenced a separate action, bearing Index No.: 809894/2022E, for personal injuries sustained as a result of the same accident. Jimenez alleges he was also a passenger in the Tejada vehicle. By Decision and Order dated December 8, 2023, the cases were joined for the purpose of discovery and trial and the caption was amended.
Brown testified that she was traveling approximately one to two miles per hour when the front bumper of her vehicle struck the rear bumper of the Tejada vehicle. According to Brown, no one was in the Tejada vehicle. She contends that the owner of the double-parked vehicle went inside a nearby building and located the owner of the Tejada vehicle to let him know what occurred. Brown testified that the driver of the parked vehicle arrived two to three minutes later.

The Parties' Arguments
Defendants now seek to amend their answer to assert the affirmative defenses of fraud, fraud against the court, and fraudulent scheme to stage an accident. Defendants, relying on Brown's deposition testimony, argue that Jimenez and Tejada are knowingly defrauding the court by alleging that they were passengers in the Tejada vehicle at the time of the accident when in fact, they were not in the vehicle. Defendants also contend that Tejada and Sanchez' medical providers are defendants in a RICO/Fraud action that is currently pending in the United States District Court for the Eastern District of New York (RICO Action). According to defendants, the allegations in the RICO Action include, among other things, that the medical providers engaged in fraudulent billing, billing for medical services not performed, and providing fraudulent or improper medical records.
Tejada opposes the motion. He argues that defendants fail to allege sufficient facts to state a claim for fraud or fraud upon the court, and that any investigation into plaintiff's medical providers is unrelated to plaintiffs' claims in their respective actions.

Motion to Amend
Leave to amend pleadings should be freely given absent prejudice to the opposing party and where the proposed claims are not palpably insufficient or patently devoid of any merit (Tribeca Space Managers, Inc., v Tribeca Mews Ltd., 200 AD3d 626, 628 [1st Dept 2021]). Leave to amend should be denied "if the proposed amendments are totally devoid of merit and legally insufficient" (Mosaic Caribe, Ltd v Allsettled Group Inc., 117 AD3d 421, 422 [1st Dept 2014]). While there is "no requirement of unassailable proof at the pleading stage, the [pleading] must allege the basic facts to establish the elements of the cause of action" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009] [internal quotations and citations omitted]).
A claim based in fraud "must be pleaded with the requisite particularity under CPLR 3016 (b) (Eurycleia Partners, LP, 12 NY3d at 559). To state a claim for fraud, a party must plead "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP, 12 NY3d at [*3]559). To state a claim for fraud upon the court, there must be allegations "that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense" (CDR Creances S.A.S. v Cohen, 23 NY3d 307, 321 [2014]).
Preliminarily, defendants' proposed amended answer fails to clearly show the changes or additions to be made to the pleading as required under CPLR 3025 (b). Notwithstanding the foregoing, the court will consider the motion on the merits.
Defendants' motion for leave to serve an amended answer is denied as defendants have failed to demonstrate the merit of the proposed affirmative defenses. The proposed amended answer fails to state essential elements for fraud claims, namely, that Jimenez and Tejada made "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the [defendants] and damages," and is therefore devoid of merit and legally insufficient (see Eurycleia Partners, LP, 12 NY3d at 559; see also Meiterman v Corporate Habitat, 173 AD3d 593, 594 [1st Dept 2019] [holding that vague and conclusory allegations "fail to satisfy the standard for pleading fraud"]; see also Hartford Cas. Ins. Co. v Vengroff Williams & Assoc., Inc., 306 AD2d 435, 437 [2d Dept 2003] [holding that trial court properly exercised its discretion in denying defendants' cross motion seeking to amend answer to assert counterclaim for fraud because defendants failed to set forth requisite elements of fraud with particularity]). The proposed amended answer also fails to include specific facts demonstrating that Jimenez and Tejada made representations that were intentional, calculated to deceive the court or were part of an "unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter" (see CDR Creances S.A.S., 23 NY3d at 321). Therefore, the proposed amended answer fails to state the essential elements for a claim of fraud upon the court.
Defendants provide no authority to support the proposition that "staged accident" is a cognizable affirmative defense in a personal injury action. This court notes that this defense may be raised in the no-fault context (see Webster Diagnostic Medicine, P.C. v State Farm Ins. Co., 15 Misc 3d 97, 98 [App Term, 2d Dept, 9th & 10th Jud Dists 2007] [noting that defendant may "interpose a defense of staged-accident fraud" in action to recover assigned first-party no-fault benefits, because a staged accident is not an insured incident]). Defendants' proposed answer offers nothing more than unsubstantiated assertions and speculation. Moreover, at trial, Tejada must prove that defendants are liable and that he sustained a causally related serious injury. Any discrepancy in the parties' deposition testimony will be weighed by the trier of fact at trial.
The court has considered the parties' remaining arguments and finds them meritless. Defendants' motion is denied.
Accordingly, it is hereby
ORDERED that defendants' motion for leave to amend the answer to add the affirmative defenses for fraud, fraud against the court and staged accident against plaintiff is DENIED; and it is further
ORDERED that counsel for movants shall serve a copy of this Order with Notice of Entry on all parties within 30 days of the entry of this Order.
Dated: June 11, 2025
Hon. PATSY GOULDBORNE, J.S.C.