| |
|---|
| **Hereford Ins. Co. v Jerrick** |
| 2026 NY Slip Op 30828(U) |
| February 23, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 161725/2024 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. NICHOLAS W. MOYNE

*Justice*

PART        41M

--------------------------------------------------------------------------------X

HEREFORD INSURANCE COMPANY,

Plaintiff,

- v -

LATOYA E. JERRICK, A AND R MEDICAL SUPPLY CORP,
ALEXANDER ZHURAVKOV, ARLI 28 PHARMACY, INC,
ATLANTIC MEDICAL & DIAGNOSTIC, PC,AUSTIN
SUPPLY INC, BRUCE M JACOBSON, BUSINESS ART
INC, CHI CHINESE ACUPUNCTURE, PC,INJURY CARE
CHIROPRACTIC PC,IN PLACE PHYSICAL THERAPY
PC,JTK CHIROPRACTIC CARE, PC,LINDEN BLVD
SUPPLIES, INC, LIVE AGAIN MEDICAL SUPPLY, INC,
MOUNT OLYMPUS IMAGING, LLC,OLYAM MEDIC
SUPPLY CORP, PACEM PSYCHOLOGICAL SERVICES,
PC,PALM AVE CORP, PHARMACY ZDOROVIE INC,
RIGHT CHOICE PHARMACY, INC, SOUTH BRONX
MEDICAL REHABILITATION, PC,SPECTRUM
DIAGNOSTIC IMAGING, PC,TAEJIN KIM PHYSICAL
THERAPY, PC,URGENT PHYSICAL THERAPY PC,VITAL
CRAFT OS, LLC,WELLSPRING SOLUTIONS, LLC

Defendant.

--------------------------------------------------------------------------------X

INDEX NO.          161725/2024

MOTION DATE      10/02/2025,
                              11/18/2025

MOTION SEQ. NO.      002 003

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 72, 73, 74, 75

were read on this motion to/for        RENEW/REARGUE/RESETTLE/RECONSIDER    .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 76, 77, 78, 79, 80,
81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105,
106, 107

were read on this motion to/for        JUDGMENT - SUMMARY    .

Upon the foregoing documents, it is

Plaintiff, HEREFORD INSURANCE COMPANY ("HEREFORD") moves in motion sequence 002 to correct what it terms a technical defect in this court's decision and order dated August 22, 2025, which granted its motion for a default judgment. There is no opposition to the motion. Plaintiff moves in motion sequence 003 for summary judgment against the answering defendants. Defendants JTK CHIROPRACTICCARE, P.C.; MOUNT OLYMPUS IMAGING, LLC; and OLYAM MEDIC SUPPLY CORP. oppose the motion for summary judgment. As set forth below, both motions are granted.

161725/2024   HEREFORD INSURANCE COMPANY vs. JERRICK, LATOYA E. ET AL
Motion No.  002 003

Page 1 of 4

1 of 4

## Summary Judgment

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case.  Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).  Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of any material issues of fact or where the issue is arguable (*Glick & Dolleck, Inc. v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]).  "If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion" (CPLR § 3212[b]).  "In considering a summary judgment motion, evidence should be analyzed in the light most favorable to the party opposing the motion (*Martin v Briggs*, 235 AD2d 192, 196 [1st Dept 1997]).

## The plaintiff is entitled to summary judgment due to failure to execute and return a copy of the EUO transcript

Plaintiff contends that defendant Latoya E. Jerrick breached a condition precedent to coverage by failing to execute and return her Examination Under Oath ("EUO") transcript.  "The claimants' failure to subscribe and return the transcripts of their examinations under oath (EUOs) violated a condition precedent to coverage and warranted denial of the claims" and voids the policy ab initio (*see Kemper Indep. Ins. Co. v Cornerstone Chiropractic, P.C.*, 185 AD3d 468, 468 [1st Dept 2020]; *see also Hereford Ins. Co. v 21 Century Chiropractic Care*, 242 AD3d 660, 661 [1st Dept 2025]).  Plaintiff has provided copies of the letters sent both to defendant Latoya E. Jerrick and her attorneys, Rosenberg & Associates, requesting execution of the EOU transcript, as well as certified mail receipts demonstrating the mailing of the same (NYSCEF Doc. No. 86).  As set forth in the affirmation of Victoria Tarasova, Esq., Jerrick failed to return said transcripts.  Accordingly, the plaintiff has met its prima facie burden showing that Latoya E. Jerrick breached a condition precedent to coverage by failing to execute and return her EUO transcript.  The defendants have failed to provide any admissible evidence to contradict the same.  Accordingly, the plaintiff is entitled to summary judgment in its favor.

## The plaintiff has a founded belief that the claimant's injuries were not causally related to the alleged collision

"[A]n insurer, despite its failure to reject a claim within the 30-day period prescribed by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3), may assert a lack of coverage defense premised on the fact or founded belief that the alleged injury does not arise out of an insured incident" (*Cent. Gen. Hosp. v Chubb Group of Ins. Companies*, 90 NY2d 195, 199 [1997]).  The insurer must establish the fact or founded belief that the alleged injuries do not arise out of an insured incident (*Webster Diagnostic Medicine, P.C. v State Farm Ins. Co.*, 15 Misc 3d 97, 98 [App Term 2007]).  Mere unsubstantiated assertions or speculations are insufficient (*see Webster Diagnostic Medicine, P.C., supra*).  An insurer may premise its defense upon a lack of

**161725/2024   HEREFORD INSURANCE COMPANY vs. JERRICK, LATOYA E. ET AL**            **Page 2 of 4**
**Motion No.  002 003**

2 of 4

coverage and can establish this defense by a preponderance of the evidence; an insurer is not required to establish that the subject collision was the product of fraud, which would require proof of all of the elements of fraud, including scienter (*see V.S. Med. Services, P.C. v Allstate Ins. Co.*, 25 Misc 3d 39, 41 [App Term 2d Dept 2009]). The "insurer bears the burden of coming forward with admissible evidence of 'the fact' of lack of coverage or of the 'foundation for its belief' that there is no coverage" (*A.B. Med. Services, PLLC v State Farm Mut. Auto. Ins. Co.*, 7 Misc 3d 822, 825 [Kings County Civ Ct 2005]).

Plaintiff had a reasonable basis for requesting the EUO of Latoya Jerrick. As set forth in the affirmation of Joronda McBurnie (NYSCEF Doc. No. 81), the circumstances of the purported incident suggested that the alleged injuries were not casually related to the reported collision and did not arise from a covered incident. These include: the magnitude of claims submitted; the lack of a police report or MV-104; the loss occurred at night and involved an alleged collision with a parked vehicle; the driver of the insured vehicle did not report any injuries and denied that any collision occurred; contradictions in reports to medical providers as to whether Jerrick was the driver or passenger; and Jerrick being treated at a facility that the plaintiff was investigating regarding billing practices.

Following the EUO of Latoya Jerrick, the plaintiff has a founded belief that the medical treatment she received was not related to a covered incident. Plaintiff has submitted the affidavit of Ruud G. Volny, the driver of the insured vehicle, which was operating as a Lyft (NYSCEF Doc. No. 83). Volny swore that they did not hit anyone or anything during the ride, the journey was completed without any complications, injuries, or accidents. Volny provided the trip log showing that the trip was five minutes long. They also provided photos of the insured vehicle, which were taken after the date of the purported incident which showed no damage. At her EUO, Jerrick testified that the incident occurred after she entered the vehicle when it backed into the vehicle parked behind it, that the cars were initially three to four feet apart, that she was wearing her seatbelt, no airbags deployed, and that she didn't have injuries until the next morning (*see* October 9, 2024 Tr, NYSCEF Doc. No. 87). She also testified that the trip lasted about 30 minutes. The differences in the Volny affidavit and the Jerrick testimony, including a trip log and photos which contradict Jerrick's testimony, combined with the numerous factors that formed the basis for plaintiff to request the EUO of Latoya Jerrick support the plaintiff's founded belief that the medical treatment was not related to a covered incident. The defendants have not provided the affidavit of a person with knowledge or other admissible evidence to contradict the plaintiff's demonstration of entitlement to summary judgment in its favor. Accordingly, the plaintiff's motion for summary judgment is granted in its favor. The plaintiff's motion to correct a "technical defect" in the court's prior order is granted as it seeks essentially the same relief as the summary judgment motion.

## Conclusion

For the reasons set fort herein above, it is hereby

**161725/2024   HEREFORD INSURANCE COMPANY vs. JERRICK, LATOYA E. ET AL**                    **Page 3 of 4**
**Motion No.  002 003**

3 of 4

**ORDERED** that the plaintiff's motion to correct a technical defect or resettle this court's Decision and order of August 22, 2025, is granted; and it is further

**ORDERED** that the plaintiff's motion for summary judgment is granted; and it is further

**ORDERED, ADJUDGED, and DECLARED** that HEREFORD has no duty to provide No-Fault reimbursements for any claim or bill that may be submitted by or on behalf of JERRICK arising out of the alleged incident of March 21, 2024, HEREFORD claim number HLV24001265, referenced in the complaint, as JERRICK breached a condition precedent to coverage established by the No-Fault Regulation and the subject policy of insurance by failing to subscribe and return the transcript from her EUO; and it is further

**ORDERED, ADJUDGED, and DECLARED** that the alleged automobile incident of March 21, 2024, HEREFORD claim number HLV24001265, was not the product of a covered event as defined by the applicable policy of insurance issued by HEREFORD; and it is further

**ORDERED, ADJUDGED, and DECLARED** that HEREFORD has no duty to pay any sums, monies, damages, awards and/or benefits including but not limited to Mandatory Personal Injury Protection (No-Fault), Additional Personal Injury Protection, Bodily Injury and Property Damage Liability, Uninsured/Underinsured Motorist Coverage, and Supplemental Uninsured/Underinsured Motorist Coverage, to any of the Defendants with respect to the March 21, 2024, collision, HEREFORD claim number HLV24001265, referenced in the complaint, as said incident, was not the product of a covered event as defined by the applicable policy of insurance issued by HEREFORD; and it is further

**ORDERED** that the Clerk is directed to enter judgment in favor of the plaintiff and against the defendants.

This constitutes the decision and order of the court.

20260303151202NWMOYNE70DDA103C7BF4FAF997587A47A3D920D

_____
**2/23/2026**
**DATE**

_____
**NICHOLAS W. MOYNE, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |